Robert K. Corbin, Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Asst. Atty. Gen., and Georgia B. Ellexson, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

618 P.2d 644

**STATE of Arizona, Appellee,**

v.

**Kenneth Dale BRODIE, Appellant.**

**No. 1 CA–CR 4326.**

Court of Appeals of Arizona, Division 1, Department C.

Jan. 24, 1980.

OPINION

OGG, Chief Judge.

Appellant Brodie pled guilty to Theft, a Class 4 felony. The imposition of sentence was suspended for five years, and appellant was placed on probation under the condition that he serve one year "flat time" in the Maricopa County Jail. The sole issue on appeal is whether appellant should have been credited with 51 days of presentence incarceration served as a result of appellant's inability to post bond prior to his placement on probation.

In support of his argument that the presentence jail time should have been offset against the maximum probationary jail time, appellant cites A.R.S. § 13–901(E) (1978):

E. When granting probation the court may require that the defendant be imprisoned in the county jail at whatever

time or intervals, consecutive or nonconsecutive, the court shall determine, within the period of probation, <u>as long as the period actually spent in confinement does not exceed one year</u> or the maximum period of imprisonment permitted under chapter 7 of this title, whichever is the shorter. (emphasis added)

Appellant interprets the underscored language to encompass all periods of confinement, whether as a condition of probation or as pre–sentence incarceration. We disagree. When the paragraph is read in its entirety, it is clear that the underscored language is placing an outer limit of one year as the time that a defendant may be incarcerated as a term of probation, regardless of the intervals in which the jail time is served.

Appellant's reliance on A.R.S. § 13–903(E) is also misplaced. The statute provides:

Time spent in custody under § 13–901, subsection E shall be credited to any sentence of imprisonment imposed upon revocation of probation.

This language merely requires that a defendant be credited with probationary jail time if a subsequent sentence is imposed. We find nothing in the statute to require that pre–sentence jail time be offset against probationary jail time.

Prior to the 1970 amendment to former A.R.S. § 13–1657, incarceration in the county jail as a condition of probation was not permitted. *State v. Van Meter*, 7 Ariz.App. 422, 440 P.2d 58 (1968). Subsequent to the amendment, all Arizona case law has interpreted probationary jail time as a condition of probation and not part of the "sentence". *See Pickett v. Boykin*, 118 Ariz. 261, 576 P.2d 120 (1978); *State v. Fuentes*, 26 Ariz.App. 444, 549 P.2d 224 (1976), approved and adopted 113 Ariz. 285, 551 P.2d 554 (1976). We find nothing in the new criminal code which suggests any change in the legislative intent that county jail time can be used as a tool of probation apart from the sentence, even though the law under *Fuentes* has been altered by A.R.S. § 13–903(E) to give credit for probationary jail time against a sentence subsequently imposed.

In *State v. Long*, 119 Ariz. 327, 580 P.2d 1181 (1978), the same argument now made by appellant was asserted in relation to former A.R.S. § 13–1657(A)(1) (Supp.1977) and rejected. For the reasons stated above, we hold that the rule in *State v. Long* that pre–sentence jail time need not be offset against probationary jail time is equally applicable to the new criminal code.

We have further reviewed the record for fundamental error as required by A.R.S. § 13–4035 and find none. The judgment and sentence are affirmed.

CONTRERAS, P. J., and JACOBSON, J., concur.