636 P.2d 101

**STATE of Arizona, Respondent,**

v.

**Evelyn WIETHOLTER, Petitioner.**

**No. 5294–PR.**

Supreme Court of Arizona,
In Banc.

Oct. 29, 1981.

Charles F. Hyder, Former Maricopa County Atty., Thomas E. Collins, Maricopa County Atty., Robert A. Colosi, Deputy County Atty., Phoenix, for respondent.

Ross P. Lee, Maricopa County Public Defender, Anne Kappes, Deputy Public Defender, Phoenix, for petitioner.

GORDON, Justice:

Petitioner pled guilty to a charge of selling narcotic drugs, a violation of former A.R.S. §§ 36–1001, –1002.02. Her sentence was suspended and she was given five years probation. As conditions of probation, she was committed to the Department of Corrections from April 26, 1977 to June 23, 1977 and was given sixty days in the Maricopa County Jail. In September, 1977, a petition to revoke her probation was filed. As a result of that petition, the trial court continued her on probation but gave her another sixty days in Maricopa County Jail. In February, 1978, another petition to revoke probation was filed. This time, the trial court revoked her probation and imposed a sentence of five to six years imprisonment.

Petitioner appealed her probation revocation and sentence; the Court of Appeals affirmed in a memorandum decision. Subsequently, petitioner filed a Rule 32, Rules of Criminal Procedure, petition that is the subject of the current action.

Petitioner claims that she is entitled to credit against her current sentence for these presentence incarceration periods: (1) twenty-eight days in jail pending the original guilty plea and probation; (2) fifty-nine days spent in prison for a diagnostic work-up as a condition of the first probation; (3) sixty days in jail as a condition of the first probation; (4) forty-one days in jail pending the first petition to revoke probation; and (5) sixty days in jail as a condition of continued probation. The trial court denied her Rule 32 petition, and the Court of Appeals affirmed in a memorandum decision, No. 1 CA–CR 4798–PR (filed March 5, 1981). Taking jurisdiction of her petition for review pursuant to A.R.S. Const. Art. 6, § 5(3) and A.R.S. § 12–120.24, we approve in part the decision of the Court of Appeals and vacate in part. We affirm in part and reverse in part the actions of the trial court.

We approve the Court of Appeals' decision as to all presentence incarceration times except for the fifty-nine days spent at Arizona State Prison in the custody of the Department of Corrections. It did not consider this period apart from the others

due to the fact that petitioner did not raise it as a separate issue until she moved the Court of Appeals for a rehearing.

■ As the Court of Appeals correctly stated, under the former criminal code under which petitioner was sentenced, time spent in jail as a condition of probation is not credited towards a sentence imposed after revocation of probation. But we view time spent in the custody of the Department of Corrections differently than that spent in jail. Former A.R.S. § 36–1002.-02(F) required as a condition of probation that the offender be committed to the Department of Corrections for a minimum of thirty days. This is in the nature of imprisonment for punishment purposes as well as diagnostic purposes. The Double Jeopardy Clause requires that all prison time imposed for punishment for a crime be credited against whatever sentence the offender ultimately receives for that crime. *See North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1968); *State v. Johnson*, 105 Ariz. 21, 458 P.2d 955 (1969).

Therefore, we hold that petitioner is entitled to a credit against her current sentence for the fifty-nine days spent in the custody of the Department of Corrections as a condition of probation.

The decision of the Court of Appeals is approved in part and vacated in part; the actions of the trial court are affirmed in part and reversed in part. The petitioner's sentence is modified.

STRUCKMEYER, C. J., and HAYS and CAMERON, JJ., concur.

HOLOHAN, Vice Chief Justice (Dissenting):

This court ruled that time spent in jail as a condition of probation was not entitled to be credited toward a sentence imposed after revocation of probation. *State v. Fuentes*, 113 Ariz. 285, 551 P.2d 554 (1976). I cannot see why the rule should be any different because the place of confinement, as a condition, is the state prison instead of the county jail. The principle involved is not to be determined by the place of confinement.

I dissent from the position of the majority, and I would affirm the decision of the Court of Appeals.