776 P.2d 801
**STATE of Arizona, Appellee,**

v.

**Gary Lee CLEMENTS, Appellant.**

**No. 1 CA–CR 88–199.**

Court of Appeals of Arizona,
Division 1, Department D.

June 29, 1989.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div.,

and Jack Roberts, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by John W. Rood, III, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FIDEL, Judge.

A court is statutorily obliged to impose at least a six month prison term when it places a felony DWI offender on probation. A.R.S. § 28–692.01(F). The question presented by this appeal is whether A.R.S. § 28–692.01(F) deprives the court of authority to credit presentence incarceration time against this mandatory six month term.

## I. BACKGROUND

### A. *Procedural History*

The defendant was charged with driving under the influence of alcohol (DWI) in violation of A.R.S. § 28–692.[1] Defendant had four times previously been convicted of the same offense. Thus, pursuant to A.R.S. § 28–692.01(F),[2] his crime was designated a class 5 felony.

The defendant agreed to plead guilty to DWI with two prior offenses. In keeping with the mandatory imprisonment requirement of A.R.S. § 28–692.01(F) and in accordance with the provisions of his plea agreement, defendant was ordered to serve six months' "flat" time in the Department of Corrections as a condition of three years' probation. Although the defendant

had spent 96 days in presentence custody, he was given no credit for this time.

Defendant's counsel filed this appeal in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969), asking the court to search the record for reversible error.[3] Upon a review of the record, we observed that the trial court believed it was statutorily obliged to deny the defendant credit for presentence incarceration. We directed the state to file a brief addressing whether the trial court erred in so restrictively interpreting its power.

### B. *Mootness*

Because defendant has already served his six month term of imprisonment, our decision cannot affect him. However, because the issue "threatens to evade review as a result of the relative brevity of the sentences imposed under the statute," we resolve it. *State v. Sirny,* 160 Ariz. 292, 772 P.2d 1145 (App.1989).

## II. DISCUSSION

### A. *Waiver*

■ We first dispose of the state's contention that defendant waived presentence credit by the following provision of his plea agreement:

> The parties stipulate [that] Defendant shall serve 6 months flat in the Dept. of Corrections as a condition of 3 years probation.

---

**1.** The defendant was originally charged with Count I, driving under the influence, and Count II, driving with a blood alcohol level of .10 or over. Both counts arose from the same incident. Pursuant to the defendant's plea agreement, Count II was dismissed.

**2.** A.R.S. § 28–692.01(F) reads, in pertinent part:
> If a person is convicted of a third or subsequent violation of § 28–692 ... within a period of sixty months, the person is guilty of a class 5 felony and shall not be eligible for probation, pardon, parole, commutation or suspension of sentence or release on any other basis ... until the person has served not less than six months in prison.

**3.** Defendant filed a "Motion to Dismiss" this appeal with the trial court before his counsel's brief was filed. This court, not the trial court, was the proper forum for such relief. *See* Rule 31.15(a)(2), 17 A.R.S. Rules of Criminal Procedure. Moreover, at the time of the motion, the defendant was represented by counsel and thus unable to file the motion on his own. *State v. Stone,* 122 Ariz. 304, 594 P.2d 558 (App.1979). Unaware of defendant's trial court motion, we extended him an opportunity to file a supplement to his lawyer's *Anders* brief. Although he did not do so, neither did he pursue or renew his prior effort to have the appeal dismissed. For these reasons, we take no action on the trial court motion.

We find no waiver. The reference in the plea agreement to six months' "flat time" describes the prisoner's ineligibility for early release or parole. *See State v. Rodriguez,* 153 Ariz. 182, 183, 735 P.2d 792, 793 (1987); *In re Webb,* 150 Ariz. 293, 723 P.2d 642 (1986). It is silent as to his eligibility or ineligibility for presentence credit. Indeed, the defendant's change of plea hearing was conducted upon the assumption that the defendant was entitled to such credit. The trial court stated:

> Mr. Clements, as I read the law, ... sentencing in this case is going to be mandatory six months' time in [the] Department of Corrections ...
>
> *You'll, of course, get credits for the time that you're in now.*

(Emphasis added.) The prosecutor did not intervene to present a different interpretation until defendant's sentencing.

We conclude that the defendant did not waive the opportunity for presentence credit by the terms of his plea.

B. *May Presentence Jail Time Be Credited Against "Six Months in Prison?"*

█ We turn to the question whether A.R.S. § 28–692.01(F) removes the court's discretion to credit the defendant with days served prior to sentencing.

If probation is imposed, § 28–692.01(F) requires a convicted felony-DWI defendant to serve a minimum of "six months in prison." The state interprets the words "six months in prison" to require that every day of a six month term be spent in the state prison system within the custody of the Department of Corrections. By the state's interpretation, presentence incarceration within a county jail, though *imprisonment,*[4] does not amount to time *in prison* and does not qualify for credit toward the six month prison requirement of § 28–692.01(F).

We disagree. Our supreme court has stated:

If reasonably practical, a statute should be explained in conjunction with other statutes to the end that they may be harmonious and consistent. If the statutes relate to the same subject or have the same general purpose—that is, statutes which are in pari materia—they should be read in connection with, or should be construed together with other related statutes, as though they constituted one law. As they must be construed as one system governed by one spirit and policy, the legislative intent therefor must be ascertained not alone from the literal meaning of the wording of the statutes but also from the view of the whole system of related statutes. This rule of construction applies even where the statutes were enacted at different times, and contain no reference one to the other....

*State ex rel. Larson v. Farley,* 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970). We read and construe § 28–692.01(F) in this light, and we focus on the importance of discretionary presentence credit to "the whole system of related [sentencing and probationary] statutes," *Id.,* of which § 28–692.01(F) is one part.

1. A System of Related Statutes

Section 28–692.01(F) classifies third and subsequent DWI offenses as class 5 felonies. It thereby invokes "the general sentencing provisions for a class 5 felony." *State v. Travis,* 150 Ariz. 45, 46, 721 P.2d 1172, 1173 (App.1986). These sentencing provisions encompass the trial court's authority under Title 13 (the Criminal Code), chapters 7 (Sentencing) and 9 (Probation), to impose a term of imprisonment or probation appropriate to the crime. Thus, in accordance with A.R.S. § 13–902(A), the trial court may grant probation to a class 5 DWI felon for as much as three years. And while the trial court is obliged by § 28–692.01(F) to condition such probation on the service of at least a six month prison term, the court draws authority from

---

**4.** See, for example, A.R.S. § 13–707(A), which provides that "[a] sentence of *imprisonment* for a misdemeanor" shall be served "other than [at] a place within custody of the state department of corrections." See also A.R.S. § 13–901(F), which provides that a probationer may "be *imprisoned* in the county jail" as a condition of probation. (Emphasis added to both statutes.)

§ 13–901(F) to expand probationary incarceration to as much as one full year. The court looks also to § 13–901 for authority to place other conditions on the probation of a class 5 DWI felon. *See State v. Benally*, 137 Ariz. 253, 256, 669 P.2d 1030, 1033 (App.1983) (the trial judge "has the authority to impose any condition allowed under [the probation statutes] in addition to the mandatory prison term condition"). Upon violation of such terms, a felony-DWI probationer is subject to revocation pursuant to A.R.S. § 13–901(C) and to sentencing under Title 13, Chapter 7.

We review these elements of the administration of probation under A.R.S. § 28–692.01(F) to demonstrate their heavy dependence on the general sentencing powers of the trial court under Title 13. We conclude that the statutes are truly a "system of related statutes" and must be read "as though they constitute one law." *Larson*, 106 Ariz. at 122, 471 P.2d at 734. As we indicated in *State v. Benally*, the DWI statutes do not *supplant* the general sentencing statutes; they *supplement* them. 137 Ariz. at 256, 669 P.2d at 1033.

### 2. The Purpose of Presentence Credit

We return to the question of the court's authority to grant credit for presentence incarceration when imposing a probationary term, and we examine the purpose that such credit serves within the general sentencing and probationary scheme. Credit for presentence incarceration is rooted in the equal protection principle that defendants unable to make bail should not serve longer in custody than those financially able to make bail. *State v. Hamilton*, 153 Ariz. 244, 245, 735 P.2d 854, 855 (App. 1987). We illustrate by hypothetical the application of this principle to DWI cases involving mandatory six month prison terms:

Suppose two DWI felons similarly situated appear for sentencing on the same date, both reasonable candidates for probation. Each must be imprisoned for at least six months pursuant to A.R.S. § 28–692.01(F). As to each the judge regards the minimum term as the appropriate

sentence; as to neither would the court exercise authority under A.R.S. § 13–901.01(F) to enlarge the term of probationary incarceration for up to one year. Suppose, however, that one of the probationary candidates, unable to post the established bail, comes to court, as did defendant in this case, with 96 days of presentence incarceration, while the other, financially more solvent, was promptly able to post precisely the same bail. Our hypothetical judge, if unable to credit the first defendant with days spent in presentence custody, would be required to subject the first defendant to a longer overall period in custody purely as a consequence of financial inability to post bail.

Discretion to credit time spent in presentence custody permits the trial court to avoid such inequity, and the principle of avoiding such inequity is no less applicable to persons convicted under the DWI statutes than to those convicted of other crimes. We conclude that A.R.S. § 28–692.01(F) was enacted in contemplation that the trial court could employ discretionary presentence credit to assure that financially disadvantaged felony-DWI probationers would not be penalized more harshly than others as a consequence of their inability to post bail.

We reiterate that the law does not limit the trial court to a six month probationary term of incarceration in cases such as this one. Where the trial court concludes that the defendant, though a candidate for probation, should undergo a longer total period in custody, the court may proceed in either of two ways. First, as previously noted, A.R.S. § 13–901.01(F) provides discretion to order probationary incarceration of up to one year. Second, we have phrased today's decision deliberately in terms of the trial court's *discretion* to award credit for presentence custody. What the court has discretion to grant, it also has discretion to withhold.

Presentence credit is obligatory, of course, when a defendant is sentenced to imprisonment without probation or after probation has been revoked. A.R.S. § 13–709(B). This court has previously determined, however, that presentence credit is only discretionary, not obligatory, when

a defendant is imprisoned as a condition of probation. *State v. Brodie,* 127 Ariz. 150, 618 P.2d 644 (App.1980). We recognize that this holding of *Brodie* has been criticized. *See* Note, *Pre-sentence Jail Credit and Probationary Jail Time,* 22 Ariz.L. Rev. 1099, 1103 (1980). However, we decline to reexamine *Brodie* at this time. The limited issue before us is not whether presentence credit is mandatory in cases such as this, but whether it is precluded by § 28–692.01(F). We confine ourselves to the latter issue and hold that § 28–692.01(F) preserves the trial court's authority, when ordering a six month prison term for a probationary defendant, to credit time spent in presentence custody.

## III. CONCLUSION

The trial court had discretion to credit defendant with 96 days of presentence incarceration. The record indicates that the court denied defendant credit only because of its erroneous conclusion that the felony-DWI statute precluded such credit. Although the trial court's order denying credit is now moot because defendant has completed his prison term, we vacate the order in accordance with this opinion.

GRANT, C.J., and KLEINSCHMIDT, P.J., concur.