795 P.2d 1303

**STATE of Arizona, Appellee,**

v.

**Gaetan MATHIEU, Appellant.**

**No. 1 CA–CR 88–554.**

Court of Appeals of Arizona, Division 1, Department D.

Aug. 2, 1990.

· Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., Vicki Gotkin Adler, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Paul C. Klapper, Deputy Public Defender, Phoenix, for appellant.

OPINION

GRANT, Chief Judge.

This appeal addresses whether an offender of the driving while intoxicated statute,

A.R.S. § 28–692.02, is entitled to receive presentence incarceration credit against time served in prison as a condition of probation. We hold that such credit is required.

## FACTS

The defendant was indicted on two felony DWI charges in January 1987. He was arrested pursuant to the indictment on May 23, 1987, and bond was set at $1370. Because the defendant was indigent, he was unable to post bond. He remained in custody for 76 days, until he was released by court order to a third party custodian.

The defendant entered into a written plea agreement whereby he agreed to plead guilty to one count of felony DWI. In exchange, he was to receive three years probation with a mandatory six months flat time in prison as required by A.R.S. § 28–692.02. This plea was later accepted. However, defendant failed to appear at his sentencing hearing, and was arrested again on February 20, 1988. He then withdrew his original plea and entered into a new plea agreement with essentially the same terms. The court accepted the plea. The defendant remained in jail until sentencing, an additional 74 days. At sentencing, the defendant urged the court to credit the 150 days of presentence incarceration against his six months probationary prison term. The court declined to do so.

## ISSUES

1. Is this appeal moot because the defendant has already served the prison time?

2. Was the defendant denied equal protection when the trial court refused to give him credit for the 76 days spent in pretrial custody because he was unable to post bond?

3. Was the defendant entitled under A.R.S. § 13–709(B) to credit for all 150 days of presentence incarceration?

## MOOTNESS

■ The decision in this case will not affect the defendant because he has already served his time with the Department of Corrections. We nevertheless resolve the question presented because it is an issue of statutory interpretation that "threatens to evade review as a result of the relative brevity of the sentences imposed under the statute." *State v. Clements*, 161 Ariz. 123, 124, 776 P.2d 801, 802 (App.1989); *State v. Sirny*, 160 Ariz. 292, 293, 772 P.2d 1145, 1146 (App.1989).

## EQUAL PROTECTION

The defendant argues that he has been denied equal protection because he has been treated differently than others similarly situated. He points out that indigent defendants, unable to post bond and ordered to serve prison time as a condition of probation, will, if they successfully complete probation, serve more time in custody than defendants who are able to post bond and receive the same probationary prison term.

This court held in *State v. Sutton*, 21 Ariz.App. 550, 521 P.2d 1008 (1974), that if the defendant's presentence incarceration was the result of his inability to make bail, credit was constitutionally mandated against his prison sentence under the equal protection clause of the United States Constitution. However, that opinion tacitly limited its holding to circumstances where the presentence incarceration time added to the sentence imposed exceeded the maximum allowable sentence.

The Arizona Supreme Court agreed with this limitation on the reach of equal protection in *State v. Gray*, 122 Ariz. 445, 595 P.2d 990 (1979). In that case, the defendant was incarcerated for seven months prior to being sentenced. The court held that the defendant had no right to credit for this time unless it was the result of his inability to post bond. However, it concluded that "[e]ven assuming [defendant] was incarcerated for [inability to post bond], we do not believe the court is required to credit the time to the shorter of the two sentences.... [s]ince [it] was less than the statutory maximum." *Id.* at 449, 595 P.2d at 995. *See also State v. Warde*, 116 Ariz. 598, 570 P.2d 766 (1977); *State v.*

*San Miguel,* 132 Ariz. 57, 643 P.2d 1027 (App.1982).

This result is based on the presumption that a trial court considers presentence incarceration time when it pronounces sentence. *See* Rule 26.10(b), Arizona Rules of Criminal Procedure. This presumption has been upheld in federal circuit court, but not without criticism. *See, e.g., Vasquez v. Cooper,* 862 F.2d 250 (10th Cir.1988) (Logan, J., dissenting). The Ninth Circuit has mandated credit for preconviction prison time if the total time served would exceed the statutory maximum. *Hook v. Arizona,* 496 F.2d 1172, 1174 (9th Cir.1974). It has not addressed whether equal protection requires such credit where less than the maximum is imposed. Several other federal circuits and state courts have found that equal protection does mandate credit, regardless of the sentence imposed. *See King v. Wyrick,* 516 F.2d 321 (8th Cir. 1975); *Johnson v. Prast,* 548 F.2d 699 (7th Cir.1977); *State v. Piersall,* 20 Ohio App.3d 110, 485 N.E.2d 276 (1984); *State v. Phelan,* 100 Wash.2d 508, 671 P.2d 1212 (1983); *State v. Richards,* 740 P.2d 1314 (Utah 1987).

Perhaps the most persuasive analysis is found in *Johnson v. Prast,* 548 F.2d 699. The *Johnson* court noted its earlier decision, *Faye v. Gray,* 541 F.2d 665 (7th Cir. 1976), which held that the equal protection clause required credit for presentence incarceration time, even though the total time imposed by the sentence and the presentence custody did not exceed the statutory maximum. The question presented in *Johnson,* which *Faye* had left undecided, was whether "there should be a presumption that the required consideration was given to the presentence custody ... there-

by placing on the petitioner ... the burden of showing that such consideration was not given." *Johnson,* 548 F.2d at 700.

The court held that there is no presumption, either conclusive or rebuttable. It ruled that unless the state proves that the court, in fixing the sentence, gave consideration to the presentence incarceration time, the prisoner is entitled to credit. "An opposite result," explained the court, "would derogate from the importance of the equal-protection right to have presentence jail time considered at the time of sentencing or, in the absence of such consideration, to have that time credited. Were we to presume consideration, and therefore deny credit, that right would become illusory in many cases." *Id.* at 703 (citation omitted).[1] This court has rejected this position in the past. *See State v. Gordon,* 19 Ariz.App. 339, 341, 507 P.2d 678, 680 (1973) ("if the actual sentence imposed plus the time spent in jail does not exceed the maximum sentence which could be imposed, it will be conclusively presumed that the sentencing court gave the defendant credit for the pre-sentence time spent in confinement.").

█ The Arizona Supreme Court has not revisited the issue since *Gray* and *Warde* and has not addressed the implications of its holdings in those cases in the context of mandatory prison time as a condition of probation. However compelling the rationale and holding in *Johnson v. Prast,* we feel bound by the supreme court's implied holding that the equal protection clause does not require credit unless the statutory maximum is exceeded when the presentence incarceration time is added to the sentence imposed.

---

1. The defendant in this case filed a written motion before sentencing asking the court to credit his presentence incarceration time against his probationary prison term on both equal protection and statutory grounds. The trial court stated on the record that it had considered the time and the arguments, and had denied the motion. However, it did not give reasons for denying credit; it simply imposed the minimum term. There would have been no equal protection concern had the court stated that it intended to sentence defendant to more than six months, and in taking into considera-

tion the presentence custody time suffered as a consequence of the defendant's inability to post bond, had reduced the sentence by the amount of presentence incarceration time. However, there remains in this case the distinct possibility that the sentencing court refused credit either because it did not believe the equal protection clause required it to accord credit, or because it believed it was without authority to impose a final sentence less than the statutory minimum. Under these facts, the state could not prove that the defendant had been given credit for presentence custody.

■ The defendant in this case received a maximum probation term of three years, with a mandatory minimum six months of that time to be spent in prison as a condition of probation. The court could have imposed up to one year of imprisonment as a condition of probation. A.R.S. § 13–901(F). Had defendant been denied probation, he could have been imprisoned for a term up to 2.5 years. A.R.S. § 13–701(C)(4); § 13–702(A). Clearly, the defendant did not receive the maximum possible term of incarceration, either as a condition of probation or as a nonprobationary sentence, and the trial court was well aware of the defendant's presentence incarceration time. Thus, under the dictates of *Gray*, he was not entitled to credit against his mandatory minimum probationary prison term for his presentence incarceration time.

### CREDIT UNDER A.R.S. § 13–709(B)

We now turn to the question of whether the defendant must be given credit pursuant to A.R.S. § 13–709(B) for all 150 days of presentence incarceration. We recently held that a court in its discretion could award credit against prison terms imposed as a condition of probation under the DWI statutes. *State v. Clements*, 161 Ariz. 123, 776 P.2d 801 (App.1989).

A.R.S. § 13–709(B) provides: "All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter." This statute requires the court to give credit for all days spent in presentence custody pursuant to the offense for which a defendant is being sentenced, removing from the trial court's discretion an ability to refuse credit even when the sentence imposed is less than the maximum allowable. Under its terms, the defendant is entitled to credit for all presentence incarceration if he was "sentenced to imprisonment" within the meaning of the statute. Is the suspension

of sentence and the imposition of probation with a condition of incarceration in the DOC a "sentence of imprisonment?"

The State argues that the defendant was not "sentenced," because he received probation. We recognize that this is the general rule. Arizona courts have frequently held that probation is not a "sentence" as that term is used in various sentencing statutes. For example, this court held in *State v. Brodie*, 127 Ariz. 150, 618 P.2d 644 (App.1980), that a defendant was not entitled to credit for presentence incarceration time against jail time imposed as a condition of probation. *See also Pickett v. Boykin*, 118 Ariz. 261, 576 P.2d 120 (1978) (probation with condition of jail time is not sentence); *State v. Barksdale*, 143 Ariz. 465, 694 P.2d 295 (App.1984) (probation does not constitute a "sentence" for purposes of consecutive sentencing provision). We also note that this rule and these cases affirming it have been the subject of some criticism. *See, e.g.,* Note, *Pre-sentence Jail Credit and Probationary Jail Time*, 22 Ariz.L.Rev. 1099 (1980).[2]

The rule was recently restated by our supreme court in *State v. Muldoon*, 159 Ariz. 295, 767 P.2d 16 (1988). Muldoon had received lifetime probation on one count of attempted molestation of a child and fifteen years imprisonment with lifetime parole on another. He argued that he should be allowed to withdraw from his plea agreement because the trial judge failed to inform him of the mandatory consecutive sentencing requirement associated with those convictions. He pointed to Rule 17.-2(b), Arizona Rules of Criminal Procedure, which requires the court to inform the defendant of any special conditions regarding sentencing, and argued that the mandatory consecutive sentencing requirement was such a special condition. Our supreme court held that for purposes of this rule, probation is not a "sentence" and thus, the trial court did not have to inform the defendant of those sentencing conditions when imposing probation. It reasoned:

*State v. Lucero*, 161 Ariz. 466, 778 P.2d 1362 (App.1989).

---

**2.** Confusion over whether incarceration as a condition of probation is a "sentence" continues to arise in a multitude of contexts. *See, e.g.,*

"Probation is not a sentence. A sentence is a judicial order requiring a defendant convicted in a criminal case to presently suffer a specified sanction such as incarceration, monetary fine, or both. Probation is a judicial order allowing a criminal defendant a period of time in which to perform certain conditions and thereby avoid imposition of a sentence. With probation, the imposition or execution of sentence is suspended or deferred to some future date, in order that the conditions of probation may be performed.... Although the acts required to be performed as conditions of probation may be onerous, they are not criminal sanctions or sentences."

*Id.* at 298, 767 P.2d at 19 (citation omitted).

A close examination of this analysis reveals the weakness in the distinction between probation and sentencing when the condition of probation imposed is a mandatory *prison* term. The general rule was formed at a time when the distinction between a grant of probation and imposition of a sentence was easily made; probation meant a release from custody, a sentence meant incarceration in prison. In fact, case law prohibited the imposition of incarceration as a condition of probation. *State v. Van Meter,* 7 Ariz.App. 422, 428, 440 P.2d 58, 64 (1968).

However, as the criminal code has been amended over the years, the traditional distinctions between probation and sentencing have blurred. The terms are often used interchangeably. They are used without distinction in many of the criminal statutes. *See, e.g.,* A.R.S. § 13–901(H) ("When granting probation, the court shall set forth at the time of sentencing and on the record the factual and legal reasons in support of each sentence."). The Model Penal Code, from which our code evolves, provides that a court may "sentence" a defendant to probation. Model Penal Code art. 301.1(3) (Proposed Official Draft 1962). Moreover, the form used by our courts at the time of disposition provides for a defendant to be "sentenced" to probation.

We also note a recent trend on the part of the legislature and our courts to accord credit for time spent in custody in a variety of circumstances. For example, A.R.S. § 13–709(C) mandates that credit for incarceration under a vacated sentence be given at resentencing; A.R.S. § 13–605(D) mandates credit for periods of commitment for diagnostic purposes, and A.R.S. § 13–606(B) requires credit for periods of civil commitment.

Our supreme court followed this lead in *Green v. Superior Court,* 132 Ariz. 468, 647 P.2d 166 (1982). *Green* held that credit must be given for authorized release from incarceration in the county jail imposed as a condition of probation because the failure to give credit resulted in incarceration in excess of the one-year limit found in A.R.S. § 13–901(F). In a similar vein, it reversed a trial court's refusal to give presentence incarceration credit against a defendant's parole time, holding that A.R.S. § 13–709(B) "requires crediting time served against the minimum 25 year portion of the sentence of life imprisonment in the same manner as against any other determinate period of imprisonment." *State v. Thomas,* 133 Ariz. 533, 540, 652 P.2d 1380, 1387 (1982). *See also State v. Wietholter,* 130 Ariz. 323, 636 P.2d 101 (1981) (presentence time spent in prison, as opposed to time spent in jail, by probationer for diagnostic purposes must be credited toward sentence imposed after revocation of probation). This court reached a similar conclusion in *State v. Ritch,* 160 Ariz. 495, 774 P.2d 234 (App.1989), where we held that all presentence time spent in custody by a juvenile, later adjudicated as an adult, should be credited toward the sentence imposed.

We find that the circumstances of this case present the most graphic example of the merging of probation and sentencing. The defendant here will be subject to the very same conditions as those who did not receive probation. He will be treated in every way as any other prisoner who has received a "sentence" and been denied probation. Certainly the nature of his confinement is indistinguishable from theirs. Furthermore, the plain language of A.R.S. § 13–709(B) mandates credit against a "term of *imprisonment.*" It seems logical

to interpret confinement in prison as "imprisonment", whether it is imposed as a condition of probation or as a traditional "sentence."

■ In this unique situation, where a defendant receives a mandatory prison term as a condition of probation, we hold that he is entitled to credit under A.R.S. § 13–709(B) against that term for time spent in presentence incarceration as any other defendant "sentenced" to prison.[3] We have already found the DWI statutes do not preclude credit for presentence incarceration time, *Clements*, 161 Ariz. 123, 776 P.2d 801, and we do not disturb here the trial court's discretion to increase the minimum term (up to the statutory maximum).

## CONCLUSION

The defendant was not entitled to credit against his probationary prison term for his presentence incarceration time under the theory of equal protection as it has been interpreted by the courts of this state. However, since the defendant was "sentenced to imprisonment," he was therefore entitled under A.R.S. § 13–709(B) to credit against his mandatory six-month term of imprisonment imposed as a condition of probation for all 150 days of presentence incarceration. Accordingly, although we recognize that we cannot restore the time spent in custody, we modify the sentence imposed to reflect presentence incarceration time pursuant to A.R.S. § 13–4037.

Conviction and sentence affirmed as modified.

KLEINSCHMIDT, P.J., and FIDEL, J., concur.

---

**3.** The defendant asks this court to overrule *State v. Brodie*, 127 Ariz. 150, 618 P.2d 644 (App. 1980), for these same reasons. We decline to do so at this time since the circumstances of *Brodie* are somewhat different from the case at bench. This case presents the quintessential example of identity between incarceration as a condition of probation and incarceration as a result of the denial of probation. We leave for another day the reexamination of whether incarceration in the county jail as a condition of probation reaches this same identity.