NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RANULFO PEREZ, *Appellant.*

No. 1 CA-CR 15-0651
FILED 10-27-2016

Appeal from the Superior Court in Maricopa County
No. CR2013-003298-001
The Honorable Roland J. Steinle, Judge *Retired*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher V. Johns
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Donn Kessler joined.

---

**C A T T A N I**, Judge:

¶1  Ranulfo Perez appeals his convictions and sentences for discharging a firearm at a structure, drive-by shooting, aggravated assault, and unlawful discharge of a firearm. Perez's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Perez was given the opportunity to file a supplemental brief, but did not do so. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Perez's convictions and sentences as modified to reflect 150 days of presentence incarceration credit.

**FACTS AND PROCEDURAL BACKGROUND**

¶2  Perez attended a pool party at an apartment complex in Phoenix. A neighbor and the neighbor's girlfriend ("M.P.") were also at the party. Several of the attendees, including Perez, were drinking and smoking marijuana.

¶3  Perez pulled down M.P.'s bikini bottom to see her tattoo and pushed her into the pool during the party. Shortly thereafter, the neighbor and M.P. returned to their nearby apartment in the complex. Perez testified that although he did not remember either pulling down M.P.'s bikini bottom or pushing her into the pool, he went to the neighbor's house to apologize for offending them. When the neighbor opened the door, he punched Perez in the face, knocking him to the ground, and when Perez got up the neighbor punched him again.

¶4  Perez's friend then helped him get into his truck, and Perez pulled out a handgun. Perez held the gun outside the driver's side window and fired two shots before driving away. One of these shots struck the pillar next to the neighbor's front door. The neighbor testified that Perez pointed

the gun directly at him before the shots were fired. Two children were inside the apartment at the time the shots were fired.

¶5        Officers later found two shell casings near where Perez's truck had been parked, as well as a .9 millimeter handgun at Perez's home. Forensic testing linked the shell casings from the scene of the shooting to Perez's handgun.

¶6        Perez was arrested and charged with discharging a firearm at a structure (a class 2 felony), drive-by shooting (a class 2 felony), aggravated assault (a class 3 felony), and two counts of unlawful discharge of a firearm (both class 6 felonies).[1]  The jury found Perez guilty of the charges and classified them all as dangerous offenses.  The superior court sentenced Perez to concurrent, mitigated terms of imprisonment, the longest of which is 7.5 years, with credit for 142 days of presentence incarceration.  Perez timely appealed.

## DISCUSSION

¶7        We have read and considered counsel's brief, and having reviewed the record, do not find reversible error. *See Leon*, 104 Ariz. at 300. Perez was present and represented by counsel at all stages of the proceedings against him.  The record reflects that the superior court afforded Perez all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.  The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts.  But although Perez's sentences fall within the range prescribed by law, the superior court failed to award presentence incarceration credit to which Perez was entitled.

¶8        Failure to award full credit for time served in presentence incarceration is fundamental error. *State v. Cofield*, 210 Ariz. 84, 86, ¶ 10 (App. 2005).  A defendant is entitled to presentence incarceration credit for all time spent in custody. *See* Ariz. Rev. Stat. §§ 13-712(B), -903(F) (2009); *State v. Mathieu*, 165 Ariz. 20, 25 (App. 1990).  Here, the superior court awarded Perez 142 days of presentence incarceration credit.  He was arrested on December 29, 2013, and he was released on bond 87 days later on March 25, 2014.  After the guilty verdict, Perez was again taken into

---

[1]        The State also charged Perez with two counts of endangerment, but the court directed a judgment of acquittal on one count and the jury acquitted him of the other.

custody on July 29, 2015 and sentenced 63 days later on September 30. Accordingly, Perez is entitled to a total of 150 days of presentence incarceration credit.

**CONCLUSION**

**¶9** Perez's convictions and sentences are affirmed as modified to reflect credit for 150 days of presentence incarceration. After the filing of this decision, defense counsel's obligations pertaining to Perez's representation in this appeal will end after informing Perez of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Perez shall have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA