NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

CINDERELLA KAY SMITH,
*Appellant.*

No. 1 CA-CR 20-0145
FILED 8-12-2021

Appeal from the Superior Court in Mohave County
No. S8015CR201800899
The Honorable Richard D. Lambert, Judge

**AFFIRMED**

COUNSEL

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge D. Steven Williams joined.

---

**W E I N Z W E I G**, Judge:

¶1        Cinderella Smith appeals her convictions and sentences for two counts of aggravated driving under the influence. Defense counsel avows she searched the record and found no arguable, non-frivolous question of law, and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error. Smith had a chance to file a supplemental brief but did not. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        One morning in October 2017, an Arizona state trooper responded to a possible medical emergency on Interstate 40 to find a car parked on the shoulder. The trooper stopped his patrol car to investigate and discovered Smith sleeping in the car. The engine was running and in reverse gear, but the parking brake was engaged. Smith and the car smelled of alcohol. A near-finished bottle of rum was found in the front passenger seat. Smith refused a sobriety test. The trooper obtained a search warrant to test her blood alcohol level, which revealed a blood alcohol level of 0.251. Smith was charged with two counts of aggravated driving under the influence.

¶3        A two-day jury trial followed. Smith denied the charges, claiming she had stopped the car before drinking any alcohol. She was convicted on both counts. The court suspended imposition of sentence and placed Smith on probation for four years. As a condition of probation, Smith was ordered incarcerated in the Arizona Department of Corrections for four months and also ordered to serve 129 days in the Mohave County Jail, with credit for 129 days served. The trial court judge said he could not award any of the 129 days that Smith served in jail as pre-sentence incarceration credit toward her four-month probation in the Department of Corrections.

¶4 Smith timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

¶5 We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶6 Smith was present and represented by counsel at all stages of the proceedings against her, aside from pretrial conferences for which defense counsel waived her presence. The record reflects the superior court afforded Smith all her constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, the evidence presented at trial was enough to support the jury's verdicts, and Smith's sentences fall within the range prescribed by law.

¶7 The superior court, however, incorrectly concluded it lacked discretion to award pre-sentence incarceration credit under A.R.S. § 28-1383(D), which provides that defendants convicted of aggravated DUI are "not eligible for probation, pardon, commutation or suspension of sentence or release on any other basis until the person has served not less than four months in prison." *See State v. Clements*, 161 Ariz. 123, 125-27 (App. 1989) (holding, under A.R.S. § 28-692.01(F), later incorporated into A.R.S. § 28-1383, that superior court has discretion to apply presentence incarceration credit to felony DWI mandatory minimum of "six months in prison."); *see also State v. Mathieu*, 165 Ariz. 20, 25 (App. 1990). The issue is moot, however, because Smith is no longer incarcerated. *See State v. Hartford*, 145 Ariz. 403, 405 (App. 1985) ("[W]hen an entire sentence has been served prior to consideration of that sole issue on appeal, the validity of its imposition is a moot question.").

## CONCLUSION

¶8          Smith's convictions and sentences are affirmed. Counsel's obligations in this appeal will end once Smith is informed of the outcome and her future options, unless counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Smith has 30 days from the date of this decision to seek reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA