NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JEFFREY MARK VAN WAGONER, *Petitioner*.

No. 1 CA-CR 22-0317 PRPC
FILED 3-2-2023

Petition for Review from the Superior Court in Maricopa County
No. CR2011-104683-001
The Honorable Nicole M. Brickner, Judge, *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Quinton S. Gregory
*Counsel for Respondent*

Jeffrey Mark Van Wagoner, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Angela K. Paton and Judge D. Steven Williams joined.

P E R K I N S, Judge:

¶1            Jeffrey Mark Van Wagoner seeks review of the superior court's order summarily dismissing his petition for post-conviction relief. For the following reasons, we grant review and deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2            In a separate case, Van Wagoner pled guilty to a class 3 felony, and the court placed him on lifetime probation ("the 1993 case"). In 2011, he was indicted for attempted kidnapping and attempted sexual conduct with a minor. He pled guilty to both charges and spent 1,773 days incarcerated before sentencing. At the 2015 sentencing, the court revoked his lifetime probation for the 1993 case and sentenced him to a ten-year prison term, with 2,118 days of presentence incarceration credit. This credit included the 1,773 days spent in custody before sentencing on the 2011 charges. The court then suspended his sentence for the 2011 charges, placing Van Wagoner on lifetime probation for each count to begin upon his discharge from prison.

¶3            After completing his prison term for the 1993 case, Van Wagoner violated his probation. At the 2019 disposition hearing, the court revoked his probation on the 2011 attempted kidnapping count and sentenced him to a ten-year prison term. For the count of attempted sexual conduct with a minor, the court reinstated lifetime probation.

¶4            The court granted Van Wagoner 114 days of presentence incarceration credit, but he argued that he was entitled to 1,773 days of time served between his 2011 indictment and the 2015 sentencing. The court explained that Van Wagoner already received this credit, and it was applied to his ten-year prison term for the 1993 case after the court revoked his probation. Van Wagoner filed a timely notice and petition for post-conviction relief, raising the same argument. The court summarily dismissed his petition, stating Van Wagoner is not entitled to "double dip" the used credit between his two cases. On review, Van Wagoner raises the

same arguments, challenging the superior court's application of the 1,773-day credit to his 1993 charges. We have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031, 13-4033(A).

## DISCUSSION

**¶5**        We review whether a petitioner is entitled to presentence incarceration credit *de novo. State v. Lambright*, 243 Ariz. 244, 249, ¶ 9 (App. 2017). A defendant is entitled to presentence incarceration credit for "[a]ll time actually spent in custody pursuant to an offense until the prisoner is sentenced[.]" A.R.S. § 13-712(B). But "[w]hen consecutive sentences are imposed, a defendant is not entitled to presentence incarceration credit on more than one of those sentences[.]" *State v. McClure*, 189 Ariz. 55, 57 (App. 1997).

**¶6**        Van Wagoner's 10-year prison sentence for the 2011 attempted kidnapping charge is consecutive to the 10-year prison sentence he completed for the 1993 case. The court applied the 1,773-day credit to his sentence for the 1993 case. The court may not give "compounded credit," that is, it may not apply credit to both a prison term and a consecutive prison sentence. *See State v. Yug*, 252 Ariz. 203, 206, ¶ 12 (App. 2021) (citing *State v. Cuen*, 158 Ariz. 86, 87–88 (App. 1988)). Because the court already applied his 1,773-day credit, Van Wagoner is not entitled to receive credit in the same amount for his 2011 case sentence. Van Wagoner relies on *State v. Brooks* to support his argument, but this case is not dispositive because it entailed the imposition of *concurrent* sentences. 191 Ariz. 155 (App. 1997).

**¶7**        Van Wagoner contends that the court misapplied the 1,773-day credit to his old case. But the superior court "possesses considerable discretion in awarding credit for presentence incarceration." *State v. Schumann*, 173 Ariz. 642, 644 (App. 1993). Van Wagoner received his presentence incarceration credit, and he has not otherwise shown any error in the court's computation of the credit. The superior court did not abuse its discretion when it summarily dismissed his claim.

**CONCLUSION**

¶8        We deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA