658 P.2d 805

The STATE of Arizona, Appellee,

v.

Terry Dean MILBURN, Appellant.

No. 2 CA–CR 2543.

Court of Appeals of Arizona, Division 2.

June 7, 1982.

Rehearing Denied Sept. 8, 1982.

Review Granted Oct. 13, 1982.

Robert K. Corbin, Atty. Gen., Phoenix by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Frederic J. Dardis, Pima County Public Defender by Susan A. Kettlewell-Guendelsberger, Deputy Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant, convicted by a jury of aggravated assault and unlawful imprisonment with prior convictions for aggravated assault and sexual assault, was sentenced by the trial court to three years' imprisonment on the assault charge to run consecutively to the sentence which he was currently serving, and six months in the Pima County Jail on the charge of unlawful imprisonment to be served concurrently with the assault sentence. We are issuing a written opinion because of the recurring problem concerning the sentencing of defendants convicted of a misdemeanor to a concurrent sentence with one for a felony.

Appellant contends that the trial court erred in a ruling that appellant's prior convictions would be admissible to impeach him if he testified and, further, that the imposition of a consecutive sentence was excessive. We do not agree.

Prior to trial, the court held a hearing pursuant to Rule 609(a), Arizona Rules of Evidence, 17A A.R.S., to determine the admissibility of appellant's prior convictions for impeachment purposes. After hearing both sides, the trial court ruled the convictions were admissible stating: "The Court finds that the probative value of the defendant's prior felony convictions would outweigh the prejudicial effect." The trial then commenced.

The victim, a young lady who was working as a recreational therapist at the Arizona Correctional Training Facility in Tucson, testified that she was attacked by appellant who was an inmate at the facility while they were in the music room. He grabbed her breasts, knocked her down, pulled on her pant leg and dragged her down a hallway. She finally succeeded in getting him to abandon the attack.

The only other witness at trial was the chief of security at the center. He testified that he saw the victim after the incident and that she was emotionally upset. Appellant did not testify and presented no evidence.

■ Appellant contends that the Rule 609(a) hearing was insufficient in two ways. First, he contends that the trial court, in addition to specifically ruling on the prejudicial effect vis-a-vis the probative value, must also set forth written findings upon which it makes such a conclusion. A reading of *State v. Ellerson,* 125 Ariz. 249, 609 P.2d 64 (1980), discloses that this contention is incorrect. The only required on-the-record finding is a finding that the probative value of the evidence substantially outweighs the prejudicial effect.

■ Appellant also contends that the state did not bear its burden of proof on the issue. We do not agree. It was clearly brought out at the motion in limine that the only witnesses to the offense were the victim and appellant. Thus, the credibility of appellant was a vital issue. We pointed out in *State v. Dixon,* 126 Ariz. 613, 617 P.2d 779 (App.1980), that the trial court has wide discretion in deciding whether the evidence

of these prior convictions should be admitted and that the exercise of this discretion will not be disturbed absent a clear showing of abuse. The trial court here did not abuse its discretion in its ruling.

■ Appellant contends that his sentence for aggravated assault should run concurrently with the sentence he was serving, rather than consecutively. We do not agree. We do not see why appellant should be given a free bite of the apple, and apparently the trial court felt the same way.

■ As far as the misdemeanor conviction, A.R.S. § 13–707 states: "A sentence of imprisonment for a misdemeanor shall be for a definite term to be served other than a place within custody of the department of corrections...." This statutory provision was apparently overlooked by the trial court and has been overlooked by trial courts in other cases. If a defendant is sentenced on a felony to the custody of the department of corrections for imprisonment, the trial court cannot also sentence him to a concurrent term on the misdemeanor.

The case is affirmed in all respects except as for the concurrent sentence on the misdemeanor, which sentence is vacated and the case is remanded to the superior court solely for the purpose of making a disposition of the misdemeanor conviction.

HATHAWAY and BIRDSALL, JJ., concur.