658 P.2d 803
**STATE of Arizona, Appellee,**

v.

**Terry Dean MILBURN, Appellant.**

**No. 5673–PR.**

Supreme Court of Arizona, In Banc.

Jan. 12, 1983.

Robert K. Corbin, Atty. Gen., Phoenix by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Frederic J. Dardis, Pima County Public Defender by Susan A. Kettlewell, Guendelsberger, Deputy Public Defender, Tucson, for appellant.

CAMERON, Justice.

We granted the defendant Terry Dean Milburn's petition for review of a decision and opinion of the Court of Appeals, Division Two, 135 Ariz. 5, 658 P.2d 805 (App.1982). We have jurisdiction pursuant to Ariz. Const. Art. 6 § 5(3) and A.R.S. § 12–120.24.

We granted the petition for review for the sole purpose of correcting what we believe to be a misstatement of the law regarding concurrent sentencing for a misdemeanor and a felony. The defendant was found guilty by a jury of the crimes of aggravated assault, a felony, A.R.S. § 13–1204(A)(7), and unlawful imprisonment, a misdemeanor, A.R.S. § 13–1303(A). The defendant was sentenced to three years imprisonment for the assault and 6 months for

**4**

unlawful imprisonment. The trial court ordered the sentences to run concurrently. The Court of Appeals disagreed with the procedure, stating: "If a defendant is sentenced on a felony to the custody of the department of corrections for imprisonment, the trial court cannot also sentence him to a concurrent term on the misdemeanor." *State v. Milburn*, supra, 135 Ariz. at 6, 658 P.2d at 806. The Court of Appeals relied on language in A.R.S. § 13–707 which states that a sentence for a misdemeanor is to be served other than in the "custody of the department of corrections." Therefore, it concluded that concurrency of sentences was forbidden under the statute.

We believe, however, that the legislature intended A.R.S. § 13–707 to apply exclusively to situations where only a misdemeanor sentence is to be imposed following conviction. We do not believe that the legislature intended to thwart concurrent sentencing when convictions for both a felony and misdemeanor have been obtained, particularly where the convictions arise from the same transaction or event.

We believe that A.R.S. § 13–708 is the controlling statute in situations like the present case. The statute provides:

"§ 13–708. Concurrent terms of imprisonment

If multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run concurrently unless the court expressly directs otherwise, in which case the court shall set forth on the record the reason for its sentence."

In the instant case, the defendant was sentenced to a term of three years on the assault charge and a term of six months for unlawful imprisonment. These sentences were imposed at the same time as a result of one trial based upon the same fact situation. We believe the terms should run concurrently even though the place of imprisonment is in the custody of the department of corrections.

We recognize that the legislature used the term "imprisonment" in A.R.S. § 13–708, which in the most technical sense means in the custody of the department of corrections. But we conclude that the legislature in using "imprisonment" must have meant incarceration or confinement in the general sense, as it used the term in A.R.S. § 13–707 when it prescribed "[a] sentence of imprisonment for a misdemeanor."

The portion of the opinion of the Court of Appeals that sets aside the concurrent sentence for the misdemeanor is vacated. In all other respects the court's opinion is approved.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.