669 P.2d 1030

**STATE of Arizona, Appellee,**

v.

**Emil BENALLY, Jr., Appellant.**

**No. 1 CA–CR 6608.**

Court of Appeals of Arizona, Division 1, Department D.

July 21, 1983.

Rehearing Denied Aug. 29, 1983.

Review Denied Sept. 27, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Crane McClennen, Asst. Atty. Gen., Phoenix, for appellee.

Aspey, Watkins & Diesel, by Bruce S. Griffen, Flagstaff, for appellant.

## OPINION

EUBANK, Judge.

Pursuant to a plea agreement, appellant pled guilty to the crime of driving under the influence of intoxicating liquor while on a revoked operator's license in violation of A.R.S. § 28–692.02, a class five felony. The trial judge suspended his sentence and placed appellant on probation for one year on condition that he spend six months "in prison" as is required by A.R.S. § 28–692.-02(A), *infra.* He appeals from the suspended sentence and raises just one issue:

Can a defendant, convicted of a felony DWI, [while on a revoked operator's license] be required to serve six months in the Department of Corrections as a condition of a one year probationary term? Our answer is "yes" and we affirm the judgment, the suspended sentence and the probation order of the trial court.

■ Appellant contends that the express language of A.R.S. § 28–692.02 does not support the suspended sentence he received. He further contends that the trial court's disposition of his case is "inconsistent with well reasoned and established sentencing and probationary policies as well as [being] undoubtedly unconstitutional."

Addressing the first contention that the express language of the statute does not support the suspended sentence, it is necessary to examine the statute in order to determine the intention of the legislature. *State v. Barnard,* 126 Ariz. 110, 612 P.2d 1073 (App.1980). Section 28–692.02(A) states:

A. A person whose operator's or chauffeur's license is suspended, cancelled, revoked or refused and who commits an offense in violation of § 28–692 during the period of such suspension, cancellation, revocation or refusal, or a person who has never applied for or obtained an operator's or chauffeur's license or a person who has never reapplied for or obtained such license after suspension, cancellation, refusal or revocation pursuant to § 28–691 or § 28–692.01, who commits a second offense in violation of § 28–692, *is guilty of a class 5 felony and shall be sentenced to serve not less than six months in prison. A judge shall not grant probation, pardon, parole, commutation or suspension of sentence or release on any other basis, except upon the condition that the person serve not less than six months in prison.* (Emphasis added).

When the underlined portion of the subsection was inserted into the statute at the time it was amended in 1982, the legislature included a statement of its purpose in enacting the statute. Laws 1982, Ch. 234, § 1 reads:

Section 1. *Purpose*

By this act the legislature recognizes that alcohol-impaired drivers are a danger to the people of this state. It is therefore the purpose of this act:

1. To insure that any person who operates a motor vehicle within this state while affected by alcohol will be prosecuted to the full extent of the law by those who administer the criminal justice system.

2. To maintain public records of the dispositions of these cases for public scrutiny.

3. To provide that driving while having a .10 or higher blood alcohol level is a criminal offense.

4. To deter persons from driving while affected by alcohol by providing for penalties that are commensurate with the seriousness of this offense.

Thus, the legislature clearly expressed its intention to strengthen the penalties for drunken drivers and drunk driving repeat offenders. In response to this purpose, the legislature upgraded the violation of A.R.S. § 28–692.02(A) from a class six felony to a class five felony. While a class six felony, under A.R.S. § 13–702(H), permits the sentencing court to treat the violation as a misdemeanor, under certain circumstances, a class five felony does not afford the court any such discretion, and such classification increases the presumptive sentence from one and one-half years to two years imprisonment. Further, the legislature required that a person sentenced for a violation of the statute be sentenced "to serve not less than six months in prison" and that probation "or release on any other basis" not be granted except upon condition "that the person serve not less than six months in prison." Prior to the 1982 amendment, the court could suspend a sentence under this statute and place the offender on probation only pursuant to A.R.S. § 13–901. After the 1982 amendment, this could not be done. It is our opinion that the intention of the legislature is clearly expressed in its stated purpose, *supra*, and that the 1982 amended A.R.S. § 28–692.02(A) conforms to that stated purpose: to deter persons from driving while affected by alcohol by provid-ing for penalties that are commensurate with the seriousness of this offense. In this regard, our supreme court, in a recent opinion, commented on the seriousness of the drunk driving problem and the legislature's response to it in these words:

> The Arizona Legislature has determined that a speedy method of handling drunk drivers is imperative to combat the carnage on our highways. This legislative concern is evidenced by the recent enactment of the new drunk-driving law with its stiffer penalty, the unavailability of plea-bargaining in connection with a DWI charge and the per se illegality of driving with 0.10 percent blood alcohol. As in California, the number of license-revocation hearings in Arizona is great and likely to increase under this new law.

*Martin v. Superior Court of Maricopa County,* 135 Ariz. 258, 660 P.2d 859, 862 (1983).

The legislative history of A.R.S. § 28–692.02 supports our conclusion that the legislative intent is clear. It demonstrates the struggle that the legislature has had over the years with devising a penalty for the crime of drunk driving. The present statute was enacted in Laws 1972, Ch. 160, § 2, and the penalty provided for "imprisonment in the state prison for not less than one nor more than five years or by imprisonment in the county jail for not to exceed one year." The penalty was considered too strong and was amended in the Laws 1975, Ch. 165, § 1 by deleting "by imprisonment in the state prison for not less than one nor more than five years" and leaving the county jail time intact. Next, the new revised Criminal Code amended the penalty provision by entirely removing the penalty provision and replacing it with the new penalty: "is guilty of a class 6 felony." Laws 1978, Ch. 201, § 469. Finally, in Laws 1982, Ch. 234, § 9, the legislature upgraded the crime to a class five felony and provided for a mandatory minimum term of "six months in prison." Thus, the penalty has now evolved to require a mandatory six months in prison for the offender.

Turning to appellant's second contention that the trial court's disposition of his case is "inconsistent with well reasoned and established sentencing and probationary policies as well as [being] undoubtedly unconstitutional," appellant contends that although his six-month prison term is proper under the penalty imposed by A.R.S. § 28–692.02, the trial judge had no authority to impose the six-month prison term as a condition of probation. As authority for his position, appellant cites, *inter alia, State v. Evans,* 109 Ariz. 491, 512 P.2d 1225 (1973), and *State v. Van Meter,* 7 Ariz.App. 422, 440 P.2d 58 (1968). Both of these cases predate the Revised Criminal Code and the 1982 amendment of A.R.S. § 28–692.02(A). In addition, both of these cases held that the sentencing courts were without statutory authority at that point in time to impose a prison term as a condition of probation.

■ Absent statutory authority, probation can only be conditioned upon those terms set forth in A.R.S. § 13–901 (or its predecessor § 13–1657). Appellant contends that the only incarceration permitted as a condition for probation is provided in A.R.S. § 13–901(F), which states:

When granting probation the court may require that the defendant be imprisoned in the county jail at whatever time or intervals, consecutive or nonconsecutive, the court shall determine, within the period of probation, as long as the period actually spent in confinement does not exceed one year or the maximum period of imprisonment permitted under chapter 7 of this title, whichever is the shorter.

Appellant further contends that the language of § 28–692.02(A) is insufficiently clear to "carve an exception" from the § 13–901 provisions. We disagree.

■ As discussed above, the plain language of § 28–692.02(A) expressly acknowledges the possibility of granting "suspension of sentence" and "probation" to a violator of the subsection. In addition, the subsection certainly does not create a bar against imposing such sentences. Rather, the subsection mandates the six-month prison term as a *condition* for any other possible sentence the trial judge may legitimately impose for a class five felony. A.R.S. §§ 13–701, 13–702. This does not conflict with § 13–901, but rather supplements that section with a mandatory condition for all sentences in A.R.S. § 28–692.02 cases. It is a special statute which governs the general statute. Since the legislature did not draft the mandatory condition to be mutually exclusive of other statutory conditions, the trial judge also has the authority to impose any condition allowed under § 13–901 in addition to the mandatory prison term condition. *Cf. State v. Davis,* 119 Ariz. 529, 582 P.2d 175 (1978) (statute requiring mandatory thirty to sixty day prison term for conviction of assault with a deadly weapon without a gun, not found to prevent trial court from also imposing additional jail time as a condition of probation under predecessor to A.R.S. § 13–901(F)).[1]

We therefore reject appellant's contention that A.R.S. § 28–692.02(A) is in conflict with A.R.S. § 13–901 and the general sentencing scheme. A sensible construction of the language of A.R.S. § 28–692.02(A), harmonized with statutes which are in *pari materia,* yields the result reached by the trial court *sub judice. See State ex rel. Larson v. Farley,* 106 Ariz. 119, 471 P.2d 731 (1970); *Peterson v. Flood,* 84 Ariz. 256, 326 P.2d 845 (1958).

■ Appellant's final argument that A.R.S. § 28–692.02 is unconstitutionally vague because it did not give appellant fair warning of the crime, is without merit for the reasons stated above. The statute was *clear* enough that present counsel and appellant stipulated to the suspended sentence with a six-month prison incarceration as a part of the plea agreement.

For the above reasons, the judgment, suspended sentence and probation conditioned

---

1. Appellant makes the same arguments with regard to A.R.S. § 13–604(G) and its predecessor A.R.S. § 13–1649. The same reasons discussed above in rejecting the A.R.S. § 13–901 arguments are applicable to § 13–604(G) contentions.

on appellant's spending six months in prison are affirmed.

HAIRE, P.J., and MEYERSON, J., concur.