721 P.2d 1172
**STATE of Arizona, Appellee,**

v.

**Roger Dale TRAVIS, Appellant.**

**No. 1 CA–CR 9449.**

Court of Appeals of Arizona,
Division 1, Department C.

May 22, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Division, Phoenix, for appellee.

John R. Hart, Yuma, for appellant.

## OPINION

CONTRERAS, Judge.

This is an appeal from the conviction and sentence imposed upon appellant following his plea of guilty to one count of Felony D.W.I., a class 5 nondangerous, nonrepetitive felony, in violation of A.R.S. §§ 28–692(A), 692.01(F), 13–701 and 13–801. We determine that the imposition of sentence under A.R.S. § 28–692.01(F) is subject to the general sentencing provisions for a class 5 felony and that a person so convicted must serve at least six months in prison before becoming eligible for release on any basis. We further determine that it is necessary to reverse and remand this case because the trial court erred in denying appellant's motion to withdraw from the plea agreement after rejecting that portion of the plea agreement which provided for a stipulated sentence.

On May 24, 1985, appellant was observed by a Department of Public Safety officer driving in the wrong lane and weaving erractically. The officer stopped appellant and, after unsatisfactorily performing several field sobriety tests, appellant was arrested. On June 13, 1985, appellant was indicted on one count of Driving While Under the Influence of Intoxicating Liquor with two prior convictions, a class 5 felony, in violation of A.R.S. § 28–692.01(F). Appellant was arraigned on June 17, 1985, at which time he entered a plea of not guilty.

On July 30, 1985, a change of plea hearing was held during which appellant pled guilty to the offense set forth in the indictment. The guilty plea resulted from a written plea agreement under which appellant and the state stipulated "to minimum mandatory sentence of 6 months in Arizona State Prison." At the hearing, Judge Keddie noted that the range of sentence stated in Term 1 of the agreement did not conform to the stipulated minimum sentence

described in Term 2 and modified the agreement to state that the minimum sentence was 6 months.

On September 26, 1985, however, appellant came before Judge Helm for sentencing. Appellant was sentenced to a one year term of imprisonment, the minimum term for a class 5 felony, although the trial judge specifically stated on the record that he found no mitigating factors. *See* A.R.S. §§ 13–701(B)(4) and 13–702(A).

In refusing to impose the six month stipulated sentence, Judge Helm noted:

The other courts in Yuma County do accept that a minimum sentence of six months can be imposed. I don't accept that, and in my opinion a minimum sentence for a class five felony is one year in prison.

Judge Helm also refused to give appellant the opportunity to withdraw from his plea agreement with its attendant stipulated sentence of six months.

Because the state concedes error in the trial judge's refusal to grant appellant the opportunity to withdraw from the plea agreement when the stipulated sentencing provisions were rejected, *see* Rule 17.4(e), Arizona Rules of Criminal Procedure, we need only consider the following issue:

Does A.R.S. § 28–692.01(F) modify the minimum sentence for a class 5 felony from one year to six months for purposes of sentencing those persons convicted of a third or subsequent violation of A.R.S. § 28–692 within a sixty month period?

We conclude that it does not.

Appellant pled guilty to his third violation of A.R.S. § 28–692, which provides, in part, that:

A. It is unlawful and punishable as provided in § 28–692.01 for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state.

A.R.S. § 28–692.01(F) provides that:

F. If a person is convicted of a third or subsequent violation of § 28–692 within a period of sixty months, *the person is guilty of a class 5 felony* and shall not be eligible for probation, pardon, parole, commutation or suspension of sentence or release on any other basis except as specifically authorized by § 31–233, subsection A or B *until the person has served not less than six months in prison. . . .* A judge shall not suspend the imposition of a prison sentence or fail to require the surrender to him of any license of a person for a third or subsequent conviction. . . .

(Emphasis added.) It is clear that A.R.S. §§ 13–701(B)(4) and 13–702(A) provide for a minimum term of one year imprisonment for a class 5 felony, a presumptive term of two years, and a maximum term of two and one-half years.

Appellant nonetheless argues that A.R.S. § 28–692.01(F) is a "special statute" that expressly modifies the general terms of A.R.S. § 13–701, and that it is the "practice" in Yuma County to interpret A.R.S. § 28–692.01(F) to mean that "a defendant may receive a flat six month sentence to prison without any other terms in a felony DUI case." *See State v. Benally*, 137 Ariz. 253, 669 P.2d 1030 (App.1983).

▪ The state contends that the provisions of A.R.S. § 28–692.01(F) do not establish a minimum sentence for a class 5 felony below the general provisions of A.R.S. §§ 13–701(B)(4) and 13–702(A), but merely establishes a mandatory period of time that one must remain in prison regardless of the sentence imposed. We agree.

A.R.S. § 28–692.01(F) does not modify the general sentencing provisions of A.R.S. §§ 13–701(B)(4) and 13–702(A) for a class 5 felony. Instead, it recognizes the serious nature of multiple drunk driving convictions by increasing the classification of the offense from a class 1 misdemeanor for a first (A.R.S. § 28–692.01(B)) or second (A.R.S. § 28–692.01(E)) conviction to a class 5 felony for a third or subsequent violation of A.R.S. § 28–692. *See generally, State v. Waicelunas*, 138 Ariz. 16, 672 P.2d 968 (App.1983); *Traylor v. Thorneycroft*, 134 Ariz. 482, 657 P.2d 895 (App.1982). Unlike A.R.S. §§ 28–692.01(B) and 28–692.01(E),

however, § 28–692.01(F) does not establish a minimum sentence. Instead, it refers to and relies upon the specific statutory sentencing limits for a class 5 felony.[1] The six month release limitation of A.R.S. § 28–692.01(F) merely provides for an "increased" statutory penalty under which the convicted defendant must serve not less than six months in prison before he is *eligible* for release on *any* basis.[2] This mandatory minimum term of imprisonment does not mean that the trial judge may ignore the general sentencing provisions otherwise applicable to a class 5 felony. The minimum sentence for a class 5 felony under A.R.S. § 13–702(A) is one year. While a convicted defendant may qualify for probation, parole, or some other form of early release, he must still be *sentenced* as a class 5 felon *and serve at least six months* flat time *before* he may qualify for any form of early release. *Compare, e.g.,* A.R.S. § 13–604.02. This is consistent with the clear legislative concern with deterring repeat D.W.I. offenders.

We conclude that the trial judge was correct in stating that the minimum sentence under A.R.S. § 28–692.01(F) is one year imprisonment in accordance with A.R.S. §§ 13–701(B)(4) and 13–702(A). In spite of this, it was error for the trial judge to deny appellant's motion to withdraw from the plea agreement. Nor does this excuse the trial judge from articulating the applicable mitigating or aggravating circumstances when imposing a sentence other than the presumptive sentence. *See* A.R.S. § 13–702(C). This the trial judge also failed to do.

Accordingly, the conviction and sentence are reversed and the case is remanded for further proceedings consistent with this opinion.

GRANT, J., and PAUL G. ULRICH, J. pro tem., concur.

1. This is also the distinguishing point of *State v. Benally,* 137 Ariz. at 254–55, 669 P.2d at 1031–32, cited by appellant as support for a six month minimum sentence. Then A.R.S. § 28–692.-02(A) specifically provided for a *sentence* of not less than six months in prison. A.R.S. § 28–

NOTE: The Honorable PAUL G. ULRICH, Judge Pro Tempore has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Ariz. Const. art. VI, § 3 and A.R.S. §§ 12–145 and 12–147.

692.01(F) makes no reference to a minimum sentence.

2. As the statute indicates, this limitation does not apply to the temporary removal or release provisions of A.R.S. § 31–233(A) and (B).