904 P.2d 1294

Daniel Rodriguez ZAMORA, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, in and for the COUNTY OF MARICOPA, the Honorable Ronald S. Reinstein, a judge thereof, Respondent Judge,

and

STATE of Arizona, ex rel., Richard ROMLEY, Maricopa County Attorney, Real Party in Interest.

No. 1 CA-SA 94-0324.

Court of Appeals of Arizona, Division 1, Department B.

June 15, 1995.

Review Granted Oct. 24, 1995.

David I. Goldberg, Phoenix, for petitioner.

Richard M. Romley, Maricopa County Atty. by Diane E.W. Gunnels, Deputy County Atty., Phoenix, for respondent real party in interest.

## OPINION

PAUL W. COLARICH,* Judge.

Daniel Rodriguez Zamora ("Petitioner") petitions this court to review the trial court's

* Judge Paul W. Colarich, Navajo County Superior Court, was authorized to participate in the dispo-

sition of this matter by the Chief Justice of the

denial of his motion to strike the allegation of two historical prior felony convictions. Because we hold that the trial court erred, we grant relief.

## FACTS AND PROCEDURE BELOW

The State charged the Petitioner by information with two counts of aggravated driving while under the influence, class four felonies, committed in January of 1994. The State alleged that in December of 1982, the Petitioner had been convicted of driving while under the influence while license suspended, canceled, revoked or refused, a class six felony, and of driving while under the influence while license suspended, canceled, revoked or refused, a class five felony.

Petitioner moved to strike the allegation of historical prior felony convictions, arguing that neither could be used to enhance his sentence because: (1) neither conviction fit within the plain meaning of Ariz.Rev.Stat. Ann. ("A.R.S.") section 13–604(U) (Supp. 1994)[1]; (2) A.R.S. section 13–604(U) is unconstitutionally vague on its face and as applied in this case; and (3) the prior convictions were invalid because they resulted from an illegal plea agreement and sentence. The trial court denied Petitioner's motion. Petitioner sought and the trial court granted a stay of his trial to pursue special action review in this court.

## DISCUSSION

As a preliminary matter, we accepted jurisdiction of this special action because the correct interpretation of A.R.S. section 13–604(U)(1)(a) is an issue of statewide importance, *Duquette v. Superior Court*, 161 Ariz. 269, 271, 778 P.2d 634, 636 (App.1989), and "is an issue of the type likely to reoccur." *Miceli v. Industrial Comm'n*, 135 Ariz. 71, 73, 659 P.2d 30, 32 (1983).

## A. PROPER INTERPRETATION OF SECTION 13–604(U)(1)(a)

Petitioner first argues that the trial court erred in concluding that Petitioner's 1982

convictions could be used to enhance his sentence. Resolution of that issue depends upon the interpretation afforded A.R.S. section 13–604(U)(1)(a).

The amendments to A.R.S. section 13–604 that became effective on January 1, 1994, substantially changed the use of prior convictions to enhance sentences. Under the prior version of the statute, the legislature directed the court to consider whether prior convictions occurred less or more than ten years preceding the current offense and whether the defendant had been convicted of one or of two or more offenses. Under the amended version of the statute, the legislature defined "historical prior felony conviction" to exclude most class two or three felony convictions for offenses not committed within the preceding ten years and class four, five, or six convictions for offenses not committed within the preceding five years. The portion of the statute on which the State relies in this case, however, is not tied to particular time limits. Section 13–604(U)(1)(a) defines historical prior felony conviction to include:

> [a]ny prior felony conviction for which the offense of conviction *mandated a term of imprisonment, that involved* the intentional or knowing infliction of serious physical injury, the use or exhibition of a deadly weapon or dangerous instrument or the illegal control of a criminal enterprise, that was a violation of § 28–697 or that involved any dangerous crime against children as defined in § 13–604.01.

(Emphasis added.)

The dispute between Petitioner and the State centers around the significance we should attach to the comma in the portion of the statute emphasized above. Although both parties assert the statutory language is clear and unambiguous, they reach different conclusions.

The State argues that the comma simply separates the description of the first two in a series of offenses, and that the subsection

Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.1.

1. The 1994 amendment by Ch. 200 inserted a new subsection T and redesignated former sub-

section T as subsection U. Laws 1994, Ch. 200 and Ch. 236, § 1; A.R.S. § 41–1304.03 (Supp. 1994).

applies to any felony conviction that fits any of the descriptive phrases. Thus, the State contends, the clear language of the statute indicates that any prior felony conviction that mandated a term of imprisonment *or* that qualifies as one of the listed offenses listed in the statute can be used for enhancement purposes, regardless of when the conviction occurred.

Petitioner contends that the statute applies only to convictions for offenses that mandated a term of imprisonment *and* qualify as one of the listed offenses. Because all the listed offenses currently mandate a prison term, adopting the State's interpretation would render everything after the first clause of the statute superfluous. Moreover, Petitioner argues, had the legislature not regarded mandatory imprisonment as a separate requirement, it would have used the word "that" before the phrase "mandated a term of imprisonment," as it did before each of the listed offenses.

■ Our primary goal in construing a statute is to fulfill the intent of the legislature that wrote it. *State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993) (citations omitted). Our first step in statutory construction is to examine the actual words of the statute. *State v. Jannamon*, 169 Ariz. 435, 438, 819 P.2d 1021, 1024 (App.1992). If the statutory language does not clearly disclose legislative intent, however, the court, applying normal rules of statutory construction, reads the statute as a whole and gives meaningful effect to its provisions, taking into account its context, subject matter, effect, consequences, reason, and spirit. *See, e.g., State v. Williams*, 175 Ariz. at 102, 854 P.2d at 135.

■ In our opinion, the language of A.R.S. section 13–604(U)(1)(a) does not clearly indicate legislative intent. We therefore consider other factors to aid our interpretation and, on balance, find it more likely that the legislature intended to limit the application of this section to convictions that both carry a mandatory prison term *and* fit within one of the listed categories.

If we were to adopt the State's interpretation, we would effectively render superfluous the list of specific offenses, since all those listed carry mandatory prison terms. *See Tittle v. State*, 169 Ariz. 8, 9, 816 P.2d 267, 268 (App.1991) (court should give meaning to each statutory clause). In addition, including within the section all offenses that require mandatory prison terms would expand considerably the scope of the statute, and therefore engender a conflict between subsection (a), which defines no time within which the prior offense must have occurred, and subsection (b), which limits the use of prior felonies to those that occurred within ten years. "Statutory provisions should be read together to give harmonious effect to all sections." *State v. Wedding*, 171 Ariz. 399, 406, 831 P.2d 398, 405 (App.1992).

The structure of the statute also indicates that the legislature intended to define two criteria. We think that, if the legislature had intended the "mandatory imprisonment" phrase to be one in a series, the legislature would have used language such as "any prior felony conviction that mandated a term of imprisonment," thereby bringing that requirement into conformity with the list of offenses, each described by a phrase beginning with "that."

■ Finally, we resolve any remaining doubt in Petitioner's favor. "[W]here the statute itself is susceptible to more than one interpretation, the rule of lenity dictates that any doubt should be resolved in favor of the defendant." *State v. Pena*, 140 Ariz. 545, 549–50, 683 P.2d 744, 748–49 (App.1983) *approved by* 140 Ariz. 544, 683 P.2d 743 (1984) (citations omitted); *see also State v. Johnson*, 171 Ariz. 39, 42, 827 P.2d 1134, 1137 (App. 1992) (rule of lenity mandates that doubts be resolved in defendant's favor).

We therefore conclude that A.R.S. section 13–604(U)(1)(a) applies to prior felony convictions that mandated a term of imprisonment *and* that fall within one of the listed categories.

## B. VALIDITY OF PRIOR CONVICTIONS

Petitioner also challenges the validity of his prior felony convictions. He argues that because the prior convictions resulted from an illegal plea agreement and sentence, they

are void and therefore cannot be used to enhance his sentence.

On March 17, 1982, Petitioner was arrested for driving under the influence with a suspended, revoked, or canceled license, a class six felony. At the time of the offense, the DUI statute did not require any mandatory term of imprisonment for a class six felony DUI conviction. In August of 1982, Petitioner was again arrested for driving under the influence with a suspended, revoked, or canceled license. At this time, the statute had been amended to increase an aggravated DUI to a class five felony and to include a mandatory term of six months in prison. *See* Laws 1982, Ch. 234, § 1; *State v. Benally,* 137 Ariz. 253, 255, 669 P.2d 1030, 1032 (App. 1983).

Petitioner entered one plea agreement, in which he agreed to plead guilty to both offenses, each with one prior felony conviction, and was sentenced to concurrent aggravated terms of three and four years respectively.

 Petitioner had no felony convictions prior to the two historical prior felony convictions alleged in this case. Both of Petitioner's prior felony convictions were held to be repetitive offenses with one prior felony conviction (the other offense). This was clearly improper. Where a defendant is convicted of two offenses at the same time for offenses committed at different times, only one may be used as a prior conviction to enhance the other sentence. *State v. Diaz,* 142 Ariz. 136, 138, 688 P.2d 1028, 1030 (App.1984), *aff'd* 142 Ariz. 119, 688 P.2d 1011 (1984). There must be one conviction without a prior conviction. *State v. Schneider,* 148 Ariz. 441, 447-48, 715 P.2d 297, 303-04 (App.1985).

If one of the 1982 convictions had been considered as without a prior conviction, the sentence for that conviction would not have carried a mandatory term of imprisonment. Therefore, only one of Petitioner's prior felony convictions could be used as a historical prior to enhance his current sentence pursuant to A.R.S. section 13-604(U).

## CONCLUSION

We hold that A.R.S. section 13-604(U)(a) allows historical prior felony convictions only for those prior felony convictions which mandated imprisonment *and either* (1) involved the intentional or knowing infliction of serious physical injury, the use or exhibition of a deadly weapon or dangerous instrument, or the illegal control of a criminal enterprise, (2) involved a violation of A.R.S. section 28-697, or (3) involved any dangerous crime against children as defined in A.R.S. section 13-604.01. Furthermore, we agree with Petitioner that in this case only one of his prior convictions can be used as a historical prior felony conviction to enhance his sentence pursuant to 13-604(U)(1)(a). We therefore vacate the trial court's order denying Petitioner's motion to strike allegation of historical priors.

Jurisdiction is accepted; relief granted.

McGREGOR, P.J., and
KLEINSCHMIDT, C.J., concur.