915 P.2d 1227

**Daniel Rodriguez ZAMORA, Petitioner,**

v.

**Honorable Ronald S. REINSTEIN, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**STATE of Arizona, ex rel. Richard M. ROMLEY, Maricopa County Attorney, Real Party in Interest.**

No. CV–95–0335.

Supreme Court of Arizona, En Banc.

May 7, 1996.

274

Dean W. Trebesch, Maricopa County Public Defender by Jerald J. Schreck, Deputy Public Defender, Phoenix, for Petitioner.

Richard M. Romley, Maricopa County Attorney by Diane E.W. Gunnels, Deputy County Attorney, Phoenix, for Real Party in Interest.

## OPINION

ROSE, Judge.*

The state petitioned this court for review of a court of appeals opinion interpreting A.R.S. § 13–604(U)(1)(a) (Supp.1995). *See Zamora v. Superior Court*, 183 Ariz. 470, 904 P.2d 1294 (App.1995). We granted review, and we now vacate the court of appeals' opinion. We have jurisdiction pursuant to article 6, § 5(3), Arizona Constitution, and Rule 23, Arizona Rules of Civil Appellate Procedure.

## FACTS AND PROCEDURAL HISTORY

In 1993, the legislature extensively amended the sentence enhancement scheme for dangerous and repeat offenders, effective January 1, 1994. *See* A.R.S. § 13–604; 1993 Ariz.Sess.Laws Ch. 255, § 7. The amendments substantially changed the use of prior convictions to enhance sentences, including adding § 13–604(U)(1)(a),[1] which defines the first category of "historical prior felony convictions" as:

> Any prior felony conviction for which the offense of conviction mandated a term of

imprisonment, that involved the intentional or knowing infliction of serious physical injury, the use or exhibition of a deadly weapon or dangerous instrument or the illegal control of a criminal enterprise, that was a violation of § 28–697 or that involved any dangerous crime against children as defined in § 13–604.01.

*See* A.R.S. § 13–604(U)(1)(a) (Supp.1995); 1993 Ariz.Sess.Laws Ch. 255, § 7.

Shortly after the effective date of the amendments, defendant, Daniel Rodriguez Zamora, was arrested and charged with two counts of aggravated driving while under the influence (aggravated DUI), class four felonies. For the purpose of enhancing defendant's sentence if convicted, the state alleged that defendant previously was convicted in December 1982 of one count of aggravated DUI, a class five felony, and one count of attempted aggravated DUI, a class six felony.

Defendant moved to strike the state's allegation of the prior felony convictions, arguing that neither could be used to enhance his sentence because: (1) the convictions were not "historical prior felony convictions" within the plain meaning of A.R.S. § 13–604(U)(1)(a); (2) A.R.S. § 13–604(U)(1)(a) was unconstitutionally vague on its face and as applied in this case; and (3) the prior convictions were invalid because they resulted from an illegal plea agreement and sentence. The trial court denied defendant's motion. Defendant then sought, and the trial court granted, a stay of the trial to pursue special action review in the court of appeals.

The court of appeals accepted special action jurisdiction and held that A.R.S. § 13–604(U)(1)(a) applied to historical prior felony convictions that mandated imprisonment *and involved either* (1) the intentional or knowing infliction of serious physical injury, the use or exhibition of a deadly weapon or dangerous instrument, or the illegal control of a

---

* Justice Robert J. Corcoran (Retired) did not participate in the determination of this matter. Judge C. Kimball Rose of the Maricopa County Superior Court was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to article 6, § 3 of the Arizona Constitution.

1. When first enacted, this section was designated as § 13–604(T)(1)(a). A 1994 amendment inserted a new subsection T and redesignated this section as § 13–604(U)(1)(a). *See* 1994 Ariz. Sess.Laws Ch. 200, § 4.

criminal enterprise; (2) a violation of A.R.S. § 28–697; or (3) any dangerous crime against children as defined in A.R.S. § 13–604.01. *Zamora,* 183 Ariz. at 471, 473, 904 P.2d at 1295, 1297. The court then held that only one of defendant's prior felony convictions could be used as an historical prior to enhance his current sentence. *Id.* at 473, 904 P.2d at 1297. As a result, the court vacated the trial court's order denying defendant's motion to strike the state's allegation of historical priors. *Id.,* 904 P.2d at 1297.

## ISSUE

What is the proper interpretation of A.R.S. § 13–604(U)(1)(a)?

## DISCUSSION

### I. Interpretation of A.R.S. § 13–604(U)(1)(a)

■ As set forth above, A.R.S. § 13–604(U)(1)(a) defines the first category of an "historical prior felony conviction" as:

Any prior felony conviction for which the offense of conviction mandated a term of imprisonment, that involved the intentional or knowing infliction of serious physical injury, the use or exhibition of a deadly weapon or dangerous instrument or the illegal control of a criminal enterprise, that was a violation of § 28–697 or that involved any dangerous crime against children as defined in § 13–604.01.

The dispute in this case centers on the meaning of the comma between the words "imprisonment" and "that." The state argues that the comma should be read as "or," merely separating the first of a series of offenses. Conversely, defendant argues, and the court of appeals held, that the comma should be read as "and," requiring that the prior conviction mandate a term of imprisonment *and* that it fall within one or more of the other listed categories. We review this issue *de novo* because it involves statutory construction and thus presents a question of law. *Canon School Dist. No. 50 v. W.E.S. Constr. Co.,* 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994).

■ When construing statutes, our goal is "to fulfill the intent of the legislature that wrote it." *State v. Williams,* 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993). We first consider the statute's language "because we expect it to be 'the best and most reliable index of a statute's meaning.'" *Id.,* 854 P.2d at 133, *quoting Janson v. Christensen,* 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991); *see also Canon,* 177 Ariz. at 529, 869 P.2d at 503 ("[W]here the language is plain and unambiguous, courts generally must follow the text as written."). When the statute's language is not clear, we determine legislative intent by reading the statute as a whole, giving meaningful operation to all of its provisions, and by considering factors such as the statute's context, subject matter, historical background, effects and consequences, and spirit and purpose. *Wyatt v. Wehmueller,* 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991). We also interpret statutes "in such a way as to achieve the general legislative goals that can be adduced from the body of legislation in question." *Dietz v. General Electric Co.,* 169 Ariz. 505, 510, 821 P.2d 166, 171 (1991).

When interpreting A.R.S. § 13–604(U)(1)(a), the court of appeals found that the statute's language did not clearly indicate legislative intent and effectively wrote the word "and" into the statute between the words "imprisonment" and "that." *Zamora,* 183 Ariz. at 472, 904 P.2d at 1296. We disagree with this interpretation. Although the statute could have been written with more precise grammatical structure, the language, when read carefully, shows that the legislature intended the following meaning:

"Historical prior felony conviction" means:

(a) Any prior felony conviction for which the offense of conviction mandated a term of imprisonment,

OR

that involved the intentional or knowing infliction of serious physical injury,

OR

the use or exhibition of a deadly weapon or dangerous instrument

OR

the illegal control of a criminal enterprise,

OR

that was a violation of section 28–697

OR

that involved any dangerous crime against children as defined in section 13-604.01.

*See* A.R.S. § 13-604(U)(1)(a).

The court of appeals' interpretation also is inconsistent with the statute's legislative history. In 1993, the legislature, via Senate Bill 1049 (S.B. 1049), significantly amended A.R.S. § 13-604, including adding A.R.S. § 13-604(U)(1)(a). *See* 1993 Ariz.Sess.Laws Ch. 255, § 7. When first introduced on January 13, 1993, S.B. 1049 defined an "historical prior felony conviction" as:

> Any prior felony conviction for which the offense of conviction mandated a term of imprisonment *or* that involved the intentional or knowing infliction of serious physical injury, the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument or the illegal control of a criminal enterprise, that was a violation of section 28-697 or that involved any dangerous crime against children as defined in section 13-604.01.

S.B. 1049, as introduced, 41st Leg., 1st Reg. Sess., § O(1)(a) (Ariz.1993) (emphasis added). Additionally, the fact sheet prepared by the Senate staff two days later, the bill summary prepared by the House staff for the House Judiciary Committee on March 23, 1993, and the final revised fact sheet prepared by the Senate staff on April 20, 1993, all used the word "or."

The legislative history does not reveal why the word "or" was replaced with a comma in the final version of S.B. 1049, which was passed by both houses and signed by the governor on April 23, 1993. *See* 1993 Ariz. Sess.Laws Ch. 255, § 7. Absent additional legislative history explaining this change, it is illogical to conclude that in its last three days of consideration, the legislature reversed its intention to expand the definition of an historical prior felony conviction, but rather suddenly and inexplicably decided to restrict the definition.

We also disagree with the court of appeals' finding that expansively interpreting A.R.S. § 13-604(U)(1)(a), as we have done, "render[s] superfluous the list of specific offenses, since all of those listed carry mandatory prison terms." *Zamora*, 183 Ariz. at 472, 904 P.2d at 1296. Although the listed offenses all currently mandate imprisonment, they may still be used to enhance a defendant's sentence even if they did not mandate imprisonment in the past or if they do not continue to mandate imprisonment in the future. We therefore hold that an "historical prior felony conviction," as defined by A.R.S. § 13-604(U)(1)(a), includes any prior felony conviction that mandated a term of imprisonment *or* that falls within one or more of the remaining listed categories.[2]

## II. Constitutionality of A.R.S. § 13-604(U)(1)(a)

■ Defendant argued at trial and before the court of appeals that A.R.S. § 13-604(U)(1)(a) was unconstitutionally vague on its face and as applied in this case. We

---

2. This interpretation of the legislature's intent is buttressed by the recent introduction of Senate Bill 1165 (S.B. 1165). *See* S.B. 1165, as introduced, 42d Leg., 2d Reg.Sess., § 1 (Ariz.1996). The revised fact sheet, prepared by the Senate staff on January 31, 1996, states that:

> · This bill addresses the portion of the definition relating to offenses that may be alleged regardless of their age. A 1995 Arizona court of appeals decision interpreted the law in a manner that the Legislature did not intend. S.B. 1165 restructures that portion of the definition to clarify the legislative intent.

S.B. 1165 was signed into law on April 9, 1996, as Chapter 123, Laws, 1996 Second Regular Session. The pertinent language of Chapter 123 then defines an "historical prior felony conviction" as:

> (a) Any prior felony conviction for which the offense of conviction:

> (i) Mandated a term of imprisonment except for a violation of chapter 34 of this title involving a drug below the threshold amount; or
> (ii) Involved the intentional or knowing infliction of serious physical injury; or
> (iii) Involved the use or exhibition of a deadly weapon or dangerous instrument; or
> (iv) Involved the illegal control of a criminal enterprise; or
> (v) Involved aggravated driving under the influence of intoxicating liquor or drugs or driving while under the influence of intoxicating liquor or drugs with a suspended, canceled, or revoked or refused driver license; or
> (vi) Involved any dangerous crime against children as defined in section 13-604.01.

1996 Ariz.Sess.Laws Ch. 123, § 1.

reject defendant's argument based on our finding that the plain language of § 13–604(U)(1)(a), although not structurally perfect, evidences that the legislature intended "historical prior felony convictions" to include any prior felony conviction that mandated a term of imprisonment or that falls within one or more of the remaining listed categories. *See State v. Tocco,* 156 Ariz. 116, 119–20, 750 P.2d 874, 877–78 (1988) (We will not "declare invalid for vagueness every statute which we believe could have been drafted with greater precision."); *Fuenning v. Superior Court,* 139 Ariz. 590, 598, 680 P.2d 121, 129 (1983) ("Due process requires neither perfect notice, absolute precision nor impossible standards.").

### III. Application of A.R.S. § 13–604(U)(1)(a) to Defendant's 1982 Aggravated DUI Convictions

 Defendant argues that A.R.S. § 13–604(U)(1)(a) does not apply to his 1982 aggravated DUI convictions because he was convicted under A.R.S. § 28–692.02, an earlier version of the aggravated DUI statute, rather than A.R.S. § 28–697, the current aggravated DUI statute. Defendant argues that had the legislature intended § 13–604(U)(1)(a) to apply to aggravated DUI convictions under A.R.S. § 28–692.02, it would have described the offense as "aggravated DUI," rather than as "a violation of § 28–697."

The court of appeals did not expressly address this argument but implicitly rejected it when it found that one of defendant's prior aggravated DUI convictions could be used under A.R.S. § 13–604(U)(1)(a). *See Zamora,* 183 Ariz. at 473, 904 P.2d at 1297. We also reject this argument. First, defendant essentially is claiming that the statute's section number is more important than the nature of the offense. The legislature, however, most likely referred to prior aggravated DUI convictions as violations of A.R.S. § 28–697 because that is the only section of the Arizona Revised Statutes under which aggra-

vated DUI is criminalized. In contrast, the other categories listed in A.R.S. § 13–604(U)(1)(a) involve conduct criminalized under more than one statute. For example, conduct involving "the intentional or knowing infliction of serious physical injury" is criminalized under numerous sections of the Arizona Revised Statutes, including §§ 13–1104 (second degree murder), –1105 (first degree murder), –1203 (assault), and –1206 (dangerous or deadly assault by prisoner). Second, former A.R.S. § 28–692.02 mandated a term of imprisonment for six months. We therefore find that petitioner's two 1982 aggravated DUI convictions are historical prior felony convictions within the meaning of A.R.S. § 13–604(U)(1)(a) and may be used to enhance his sentence.[3]

### DISPOSITION

We therefore vacate the court of appeals' opinion, affirm the trial court's ruling, and remand this case to the trial court for proceedings consistent with this opinion.

FELDMAN, C.J., ZLAKET, V.C.J., and MOELLER and MARTONE, JJ., concur.

---

3. Defendant also argues that his prior convictions resulted from an illegal plea agreement and sentence and that, as a result, only one of the prior convictions would be considered as a conviction mandating a term of imprisonment under A.R.S. § 13–604(U)(1)(a). The court of appeals necessarily reached this issue after restrictively

interpreting § 13–604(U)(1)(a). *See Zamora,* 183 Ariz. at 472–73, 904 P.2d at 1296–97. We, however, need not address this issue because we have found that § 13–604(U)(1)(a) includes prior convictions that mandated a term of imprisonment *or* that fall within one or more of the remaining listed categories.