956 P.2d 1240

The STATE of Arizona, Appellee,

v.

Ramie Chacon SANCHEZ, Appellant.

No. 2 CA–CR 96–0144.

Court of Appeals of Arizona,
Division 2, Department A.

Sept. 30, 1997.

Review Denied May 19, 1998.

Grant Woods, Attorney General by Paul J. McMurdie and J.D. Nielsen, Phoenix, for Appellee.

Susan A. Kettlewell, Pima County Public Defender by William J. Kirchner, Tucson, for Appellant.

## OPINION

DRUKE, Chief Judge.

A jury found appellant guilty of one count of aggravated driving under the influence of intoxicating liquor (DUI) on a suspended or revoked license and one count of aggravated DUI with a blood alcohol content of .10 or greater on a suspended or revoked license. A.R.S. §§ 28–692(A)(1), (2) and 28–697(A)(1). The trial court placed appellant on probation for three years and, as a condition of probation, ordered him to serve four months in prison, as required by § 28–697(E).[1] As an additional condition of probation, the court ordered the defendant to serve twelve months in jail, as authorized by § 13–901(F).

■ Appellant contends his combined probationary prison and jail terms of sixteen months violate § 13–901(F) because the statute places a one-year limit on "the period actually spent in confinement" as a condition of probation. *We agree and reduce the twelve-month jail term to eight months.*

■ The state argues that the issue is moot because appellant was not actually confined for more than one year. Even if true, we may nonetheless decide a moot issue where, as here, it evades review due to the relatively brief term of incarceration and the length of time for appellate review. *State v. Snider,* 172 Ariz. 163, 835 P.2d 495 (App. 1992). The state next asserts that appellant has waived the issue because he failed to raise it in the trial court. A potentially illegal term of probation, however, consti-

tutes fundamental error and cannot be waived. *State v. Bouchier,* 159 Ariz. 346, 767 P.2d 233 (1989). We therefore address the question whether a defendant who has been convicted of violating § 28–697(A)(1) can be ordered to serve, as conditions of probation, combined prison and jail sentences that exceed one year.

■ Absent statutory authority, a trial court cannot legally combine a prison or jail sentence with probation.

A sentence is a judicial order requiring a defendant convicted in a criminal case to presently suffer a specified sanction such as incarceration, monetary fine, or both. Probation is a judicial order allowing a criminal defendant a period of time in which to perform certain conditions and thereby avoid imposition of a sentence. *State v. Muldoon,* 159 Ariz. 295, 298, 767 P.2d 16, 19 (1988). *See also* § 13–901(A); *State v. Contreras,* 180 Ariz. 450, 885 P.2d 138 (App.1994); *State v. Holguin,* 177 Ariz. 589, 870 P.2d 407 (App.1993). Accordingly, this court set aside a four-month jail sentence imposed as a condition of probation in *State v. Van Meter,* 7 Ariz.App. 422, 428, 440 P.2d 58, 64 (1968), because we could "find no authority for giving both probation and a jail sentence for the crime [of illegal possession of marijuana]." *See also State v. Evans,* 109 Ariz. 491, 494, 512 P.2d 1225, 1228 (1973) (no statutory authority to impose eight- to ten-year prison sentence as condition of probation).

Where such authority exists, however, a trial court may, and in some cases must, impose a prison or jail sentence as a condition of probation. *See State v. Davis,* 119 Ariz. 529, 534–35, 582 P.2d 175, 180–81 (1978) (statutes authorized both prison and jail sentences as conditions of probation); *State v. Benally,* 137 Ariz. 253, 256, 669 P.2d 1030, 1033 (App.1983) (statute mandates six-month prison sentence as condition of probation for felony DUI conviction); *State v. Gandara,* 174 Ariz. 105, 107, 847 P.2d 606, 608 (App. 1992) (DUI statute "expressly provides that,

---

1. The statute provides: "A person who is convicted under [§ 28–697(A)(1)] is not eligible for probation, pardon, commutation or suspension

of sentence or release on any other basis until the person has served not less than four months in prison."

as a condition of probation, a defendant be placed in the custody of the Department of Corrections"). The trial court has that authority for a defendant, such as appellant, who is convicted of violating § 28–697(A)(1). If the court grants probation, instead of sentencing the defendant to prison,[2] § 28–697(E) nonetheless requires the court to impose a prison sentence of not less than four months as a condition of probation. *Gandara; Benally.* The court may also impose a jail sentence as an additional condition of the defendant's probation, as authorized by § 13–901(F). *Davis.* If the court imposes the additional jail sentence, the question remains whether § 13–901(F) limits the combined prison and jail sentence to one year. Relying on *Benally,* the state argues that because § 28–697(E) is a special sentencing statute, it governs and is not limited by § 13–901(F). Appellant counters that *Benally* did not address the precise issue raised here, but "merely harmonized the two [statutes] by giving them both their plain meanings." We agree with appellant and likewise find *Benally* inapposite.

Neither *Benally* nor any other Arizona case has specifically determined the legislative intent of § 13–901(F). We determine that intent by first examining the statute's language because it is "the best and most reliable index of a statute's meaning." *Janson v. Christensen,* 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). Section 13–901(F) provides:

> When granting probation the court may require that the defendant be imprisoned in the county jail at whatever time or intervals, consecutive or nonconsecutive, the court shall determine, within the period of probation, as long as the period actually spent in confinement does not exceed one year or the maximum period of imprisonment permitted under chapter 7 of this title, whichever is the shorter.

By its initial reference to "county jail," the statute ostensibly applies only to the imposition of a jail sentence as a condition of probation. If so, then appellant's probationary sixteen-month prison and jail sentences would not violate the statute because the twelve-month jail sentence does not exceed the statutory maximum. However, the statute's subsequent use of the word "confinement" suggests a broader application. In the context of this statute, we believe "confinement" means "imprisonment." *See State v. Barnett,* 142 Ariz. 592, 597, 691 P.2d 683, 688 (1984) ("The word 'confine' is defined . . . as 'to shut up: IMPRISON.' "). Under our criminal code, the term "imprisonment" encompasses both prison and jail terms. Section 13–901(F) itself recognizes this dual meaning by initially stating that the defendant may be "imprisoned in the county jail" and later providing that confinement shall not exceed one year or "the maximum period of imprisonment permitted under chapter 7 of this title, whichever is shorter." Chapter 7 establishes terms of imprisonment for the various felonies and misdemeanors.[3] A felony requires "imprisonment" in the Department of Corrections, § 13–105(16), and a misdemeanor requires "imprisonment" other than in the Department of Corrections. § 13–105(21). *See State v. Milburn,* 135 Ariz. 3, 4, 658 P.2d 803, 804 (1983) (in its general sense, "imprisonment" means "incarceration or confinement").

 We thus conclude that the legislature intended the word "confinement" in § 13–901(F) to encompass both prison and jail sentences imposed by the trial court as conditions of a defendant's probation. Had the legislature intended to limit the statute to jail sentences, it could have easily accomplished that intention by using "jail sentence" rather than "confinement" in the statute. Accordingly, unless a more specific statute expressly provides otherwise,[4] we hold that if the

---

**2.** If the court sentences the defendant to prison for this class four felony, with no prior felony convictions, it must impose a definite term of years between the minimum term of one year and the maximum term of three and three-quarters years. *See* §§ 13–701, –702, and –702.1.

**3.** *See, e.g.,* §§ 13–701(A) ("A sentence of imprisonment for a felony shall be a definite term of

years.") and 13–707(A) ("A sentence of imprisonment for a misdemeanor shall be for a definite [jail] term.").

**4.** *See, e.g.,* § 28–697(I)(2), which expressly allows a maximum of two years' incarceration as a condition of probation for those sentenced under § 28–697(G) who do not attend and complete a mandatory alcohol or drug treatment program.

trial court imposes both prison and jail sentences as conditions of a defendant's probation, their combined length may not exceed the maximum established by § 13–901(F). This holding finds support in *Green v. Superior Court*, 132 Ariz. 468, 472, 647 P.2d 166, 170 (1982) (statute prohibits actual confinement for period in excess of one year), and *State v. Mathieu*, 165 Ariz. 20, 23, 795 P.2d 1303, 1306 (1990) (under § 13–901(F), "court could have imposed up to one year of imprisonment as condition of probation"). The trial court in this case thus erred in imposing combined sixteen-month prison and jail sentences as conditions of appellant's probation. While the court properly imposed the mandatory four-month prison sentence as a condition of probation, it could only impose an additional eight rather than twelve months in jail as a condition of probation. We therefore modify the conditions of probation to reduce the twelve-month jail term to eight months.

 Appellant also contends that the trial court abused its discretion when it allowed the arresting officer to read the implied consent form to the jury. Appellant claims that, as a result, the jury improperly heard evidence about possible punishment because the form indicates that failure to successfully complete a blood or breath test could result in the suspension of a person's driver's license. In the alternative, appellant claims he should have been allowed to augment this information by introducing evidence that he faced more serious sanctions upon conviction, such as prison. We will not interfere with the trial court's ruling on the admission or exclusion of evidence absent a clear abuse of its discretion. *State v. Kiper*, 181 Ariz. 62, 887 P.2d 592 (App.1994). We find none here. The form was admissible as foundation for appellant's breath test results. *See State ex rel. Collins v. Seidel*, 142 Ariz. 587, 691 P.2d 678 (1984). Because it was admissible for this purpose, the fact that the form incidentally disclosed irrelevant or potentially prejudicial information does not make its admission error. *State v. Cook*, 170 Ariz. 40, 821 P.2d 731 (1991), *cert. denied*, 506 U.S. 846, 113 S.Ct. 137, 121 L.Ed.2d 90 (defendant's statement showing guilty mind admissible, even though inadmissible if of-

fered to show possible punishment). Also, the court properly precluded appellant from offering evidence of possible punishment. *State v. Cornell*, 179 Ariz. 314, 878 P.2d 1352 (1994); *State v. McLoughlin*, 133 Ariz. 458, 652 P.2d 531 (1982).

The judgment of convictions and the sentences, as modified, are affirmed.

FLOREZ, P.J., and LANKFORD, J., concur.